GEO. A. MACBETH CO. v. LIPPENCOTT GLASS CO.

(Circuit Court, S. D. Ohio, W. D. January 25, 1893.)

No. 4,572.

1. PATENTS FOR INVENTIONS—MOTION FOR PRELIMINARY INJUNCTION—EFFECT OF PRIOR DECISIONS.

Letters patent No. 14,373, issued October 30, 1883, to George A. Macbeth, as assignee of Henry Dietrich, for a design for lamp chimneys, having been sustained on final hearing in two suits, and preliminary injunctions having been granted in two other suits, in another circuit court, its validity must be taken as established for the purposes of a motion for preliminary injunction, although defendant files affidavits alleged to contain new evidence of certain prior uses.

2. SAME—INFRINGEMENT.

On a motion for preliminary injunction against the infringement of a patent, the court will not go into the questions of infringement and validity as on final hearing, although numerous affidavits are filed by both parties, covering about all the ground of a record on final hearing, but, it appearing that defendant is upon debatable ground, will refuse an injunction, and require him to give a bond covering probable profits and damages, and to keep an account of his manufactures and sales, to be produced when called for by the court.

In Equity. Bill by the Geo. A. Macbeth Company against the Lippencott Glass Company for infringement of a design patent. On motion for a preliminary injunction. Overruled.

James I. Kay and George H. Christy, for complainants.

Frank O. Loveland and Parkinson & Parkinson, for respondents.

SAGE, District Judge. This is a motion for a preliminary injunction in a suit for the infringement of design patent No. 14,373, for a lamp chimney having at its top a beading, or similar ornamentation, raised above the circular edge. The patent was sustained in Geo. A. Macbeth et al. v. David Evans et al.,[1] (in the western district of Pennsylvania,) and in Macbeth v. Gillinder, 54 Fed. Rep. 169, (in the eastern district of Pennsylvania;) and preliminary injunctions have been granted in Macbeth v. Glass Co., 54 Fed. Rep. 173, (in the western district of Pennsylvania,) and in Macbeth v. Globe Chimney Co.,[1] (in the northern district of Ohio;) so that, upon the question of the validity of the complainants' patent, the case is, for the purposes of the motion, clear. But the defendants, while they contest the validity of the patent, and insist that certain prior uses (evidence of which they produce by affidavits) were not before any of the courts in the former adjudications, rely also upon the defense of noninfringement, contending that the chimney which they manufacture is formed in precisely the way represented in the specification of the complainants' patent as old.

In the case of Macbeth v. Gillinder, upon the hearing of a motion for an attachment against the respondents for having disregarded the injunction, the court called attention to the fact that the decree limited the patent to chimney tops with circular or flared mouths,—each having a "beading or similar ornamentation raised above" so as to present a pearl-like appearance, which the complainants called a "pearl top,"—and held that the ornamentation must be such as to present the beaded pearl-like top described in the specification. The case was referred to a master, to take proof and report to the court upon the facts, and the opinion suggests that, in making the inquiry, care should be taken to avoid the danger of extending the respondents' liability beyond the limit stated, the court stating that the line between what is and is not an infringement is necessarily dim, and that the complainants' rights must be confined to what was clearly within the scope of the patent.

The complainants have offered, in support of their motion, 75 affidavits, the defendants 40 affidavits, and the complainants 30 in rebuttal. In addition there are exhibits and patents. Altogether, the evidence upon this preliminary proceeding covers about all the ground of a full record on final hearing, and calls for a decision upon the validity of the patent, and upon the question of infringement, which I do not feel inclined, at this stage of the case and upon ex parte evidence, to undertake to make. How closely the complainants' patent may be bounded by prior patents and prior

---

[1] No opinion was filed.

uses, and whether the defendants are within or without the boundaries, will have to be decided upon the hearing. It is sufficient now to say that, in my opinion, the defendants are upon debatable ground.

My conclusion is that this is a case for an order requiring the defendants to give bond in the sum of $10,000 to the complainants for the payment of any profits or damages that may be decreed against them; and an order will be made also requiring them to keep an account of their manufactures and sales, to be produced when called for by the court.

The motion for a preliminary injunction is overruled, with leave to renew it if the bond above provided for be not furnished within 20 days from the date of the entry.