DREUTZER v. FRANKFORT LAND CO. et al.

(Circuit Court of Appeals, Sixth Circuit.   February 5, 1895.)

No. 204.

CIRCUIT COURT OF APPEALS — JURISDICTION — APPEAL FROM ORDER DENYING MOTION TO VACATE INJUNCTION.

The circuit court made an order on January 23d, restraining defendant from prosecuting certain proceedings at law, upon condition that plaintiffs should file a bond to pay any judgment against them in the suit, in which the injunction was granted, such injunction to continue, if the bond was filed until the further order of the court. The bond was filed in due time.

Subsequently, on March 2d, defendant moved to dissolve the injunction, upon the same grounds upon which he had originally opposed it, and the additional ground that the sureties on the bond were insufficient. This motion was denied by an order entered March 9th. An appeal was taken from this order on April 6th. *Held*, that the order of March 9th was not an order granting or continuing an injunction, within section 7 of the act establishing the circuit courts of appeals (11 C. C. A. xv.), and was not appealable.

Appeal from the Circuit Court of the United States for the Northern Division of the Eastern District of Tennessee.

This was a suit by the Frankfort Land Company and Franklin S. Anderson against G. A. Dreutzer for an accounting. An order was made enjoining the defendant from prosecuting certain proceedings at law. A motion by defendant to dissolve the injunction was denied. From the order denying such motion, defendant appeals.

This is an appeal from an order of the circuit court of the United States for the Northern division of the Eastern district of Tennessee denying a motion to dissolve an interlocutory injunction. Appellees have moved to dismiss on the ground that the appeal was taken too late. The motion and the appeal on its merits have been heard together. The bill was filed by citizens of other states than Tennessee against a citizen of that state to compel an accounting by the defendant for moneys alleged to have come into defendant's hands as agent for the corporate complainant in the subdivision, improvement, and sale of a large quantity of land at Frankfort, Tenn. The bill averred that the transactions were numerous between the parties; that equitable aid was necessary to obtain discovery and to prevent a multiplicity of suits concerning many different items; and prayed that the defendant, who had already obtained a judgment at law as to one item in a state court, and had begun in the same court a suit at law with respect to another, might be enjoined from suing out execution on his judgment, or further prosecuting his suit at law, and might be compelled to litigate all matters of controversy in this cause. On the filing of the bill and affidavit, the court made the following order:

"Let an order issue restraining the defendant from collecting the judgment already obtained, or taking further steps in the suit now pending brought by him in the circuit court of Morgan county against the complainant, the Frankfort Land Company, until further order of this court or a judge thereof. Notify the parties or their solicitors to appear at the customhouse at Knoxville, Tenn., on the fourth Monday of January, 1894, and show cause why an injunction may not issue as prayed for.

"This January 9th, 1894.                    D. M. Key, Judge."

In accordance with this order the cause came on for hearing as to a preliminary injunction on January 23, 1894. The entry in the record recites that the motion was heard on bill and answer and exhibits, and proceeds: "And said motion being fully argued by both sides, and considered by the court, is disallowed and overruled as to the said judgment, but is allowed and sustained as to said pending suit in said circuit court of Morgan county, provided the complainant shall, within three weeks from this date, execute and file with the clerk of this court a good and sufficient bond, with approved securities in the penalty of $3,000, conditioned to abide the judgment of the court in this cause, and to pay whatever sum may by the final judgment and decree of this court be found to be due the respondent, G. A. Dreutzer, with costs. Said restraining order will remain in force from this date during said three weeks' time, and continue in force until the further order of this court, provided said bond is filed within said time, but will stand dissolved without further order at the expiration of three weeks if said bond is not filed." On the 5th day of February, 1894, a bond was accordingly filed by the complainants, with sureties, whose sufficiency was certified to by the county clerk where they lived. On March 2d following, the solicitors for defendant filed the following motion: "Now comes the defendant above named, and

upon the record in the above-entitled cause, and the affidavits of John W. Hall and G. A. Dreutzer and the certificate of Thos. A. Morris, filed herewith, moves the court to dissolve the injunction in this cause upon the grounds: (1) Said injunction was improvidently and erroneously issued, in violation of the statute in such case provided, and is not warranted by the facts alleged in the bill and before the court. (2) There is no equity on the face of the bill. (3) The alleged equities of the bill are fully met and denied by the answer. (4) The bond filed by the complainants upon obtaining said injunction is not in compliance with the order of the court, but is an intentional evasion of said order, and is insufficient under the order of the court, the sureties thereon being insufficient." The affidavits and certificate referred to in the motion concerned only the sufficiency of the sureties on the bond. After notice, the motion was heard by the court on March 9, 1894, and the following order was then made: "In this cause the motion of respondent to dismiss the injunction is denied and overruled, but it is ordered that complainants proceed to take their proof with diligence, or the injunction will be dismissed hereafter. It is further ordered that Lewis Tillman be, and he is, appointed special master for the purpose of stating the full account between the parties. Said Tillman will appoint time and place for hearing proof, and he is authorized to take the same on giving reasonable notice to parties or their solicitors, and will make and file this report as soon as practicable." An appeal from this order was allowed April 6, 1894, and has been duly perfected.

John J. Tracy and John H. Collier, for appellant.

Templeton & Cates, for appellees.

Before TAFT and LURTON, Circuit Judges.

TAFT, Circuit Judge (after stating the facts). Section 7 of the act establishing the circuit courts of appeals is as follows:

"That where upon a hearing in equity in a district court, or in an existing circuit court, an injunction shall be granted or continued by an interlocutory order or decree, in a cause in which an appeal from a final decree may be taken under the provisions of this act to the circuit court of appeals, an appeal may be taken from such interlocutory order or decree granting or continuing such injunction to the circuit court of appeals. Provided, that the appeals must be taken within thirty days from the entry of such order or decree, and it shall take precedence in the appellate court; and the proceedings in other respects in the court below shall not be stayed unless otherwise ordered by that court during the pendency of such appeal." 11 C. C. A. xv.

The section introduced into federal appellate procedure a novelty. Before its enactment, there was no method of reviewing on appeal an interlocutory order or decree of the district or circuit courts. Congress accompanied this remedial provision with the condition that it should be taken advantage of by the aggrieved party within 30 days after it accrued. This condition is to be given effect, and is not to be made nugatory by a construction which would put it in the power of the aggrieved party to extend the limitation indefinitely. It is clear, therefore, that when, after a hearing of both sides, an injunction has been granted by the circuit court to continue in force for a fixed time,—as, for example, until a hearing on the merits,—the enjoined party cannot, after the expiration of 30 days from the order granting the injunction, acquire a new right of appeal by the filing of a motion to dissolve the injunction, and an order of the court denying the motion. Such an order neither grants nor continues the injunction within the meaning of section 7 of the act. Even if no such order is made, the injunction remains in force until the time fixed in the order granting it for its expiration. And the

denial of the motion to dissolve the injunction adds nothing to its force or effect. The question may be more doubtful when the injunction is granted until the further order of the court. It may be argued, with some plausibility, that the form of the order impliedly invites a further test of the validity of the order by a motion to dissolve, but we are not disposed so to construe it when it appears that a full hearing has been had by the court on affidavits and argument. We think that an injunction until the further order of the court granted after full hearing is, in effect, the same as one granted until the case can be heard on its merits, and that a motion to dissolve such an injunction is, in effect, a mere motion to rehear a question already decided. Unless such motion to rehear is made within the time within which an appeal can be taken, we think it should have no effect to enlarge the limitation. It is not at all difficult to satisfy the meaning of the expression, "order continuing an injunction." It generally happens that a preliminary injunction expires at the entry of a decree on the merits. Such a decree may grant a perpetual injunction, and yet, because of an order referring questions of damages to a master, still be only interlocutory in its character, and not reviewable as a final appeal until the coming in of the master's report, and its confirmation by the court. Blount v. Société Anonyme, 6 U. S. App. 335, 53 Fed. 98.[1] Such a decree would be an interlocutory decree continuing an injunction. So, too, a court may, for good reasons, grant an injunction until the next term of the court. An order giving the injunction force thereafter would be an order continuing an injunction, because, without such order, the injunction would stand dissolved by lapse of the time fixed in the original order. Sections 718 and 719 of the Revised Statutes are as follows:

Section 718. "Whenever notice is given of a motion for an injunction out of a circuit or district court, the court or judge thereof may, if there appears to be danger of irreparable injury from delay, grant an order restraining the act sought to be enjoined until the decision upon the motion; and such order may be granted with or without security, in the discretion of the court or judge."

Section 719. "Writs of injunction may be granted by any justice of the supreme court in cases where they might be granted by the supreme court, and by any judge of a circuit court in cases where they might be granted by such court. But no justice of the supreme court shall hear or allow any application for an injunction or restraining order in any cause pending in the circuit to which he is allotted, elsewhere than within such circuit, or at such place outside of the same as the parties may stipulate in writing, except when it cannot be heard by the circuit judge of the circuit or the district judge of the district. And an injunction shall not be issued by a district judge, as one of the judges of a circuit court in any case where a party has had a reasonable time to apply to the circuit court for the writ; nor shall any injunction so issued by a district judge continue longer than to the circuit court next ensuing, unless so ordered by the circuit court."

Thus it appears that an injunction granted by a district judge as a member of the circuit court, after a hearing in chambers, will not continue longer than to the next session of the circuit court. If the circuit court continues the force of the injunction, its action is an order or decree continuing an injunction, and an appeal may

[1] 3 C. C. A. 455.

be taken from it within 30 days therefrom. It is not necessary for us to decide whether a restraining order issued ex parte under section 718 to continue in force till the decision on the motion for a preliminary injunction is appealable, though we are inclined to think that it is not, because appeals are permitted only to orders of injunction; and the foregoing sections suggest a statutory terminology in which a temporary restraining order issued ex parte is to be distinguished from an order of injunction, though, of course, their operation and effect are quite the same. More than this, the appeal is allowed from an order granting an injunction "upon a hearing in equity," which would hardly describe an order made on an ex parte application. An order of injunction, issued on a motion after notice, though preceded by a temporary restraining order issued under section 718, would therefore be an order "granting" an injunction, rather than an order continuing it. In the light of the foregoing construction of section 7 of the circuit court of appeals act, we have little difficulty in holding that this appeal was not brought in time. The order granting the injunction was made, after full hearing, on January 23, 1894, and was operative from that date without further action of the court, though it was liable to be defeated in case the complainant should make default in giving the bond required. That order was certainly appealable under section 7. The time within which the appeal could be allowed expired 30 days thereafter. No motion to rehear the issue decided or to dissolve the injunction was made within that time. The injunction was issued on condition of the execution of a bond with approved sureties. The bond was filed February 5th, with a certificate of the sufficiency of the sureties by the clerk and master of the state chancery court of the county where the sureties lived. A motion to dissolve was then filed, March 2, 1894, on the same grounds upon which the granting of the injunction, January 23, 1894, had been resisted, and on the additional ground that the bond filed did not comply with the order of the court, because insufficient. This last ground was addressed to the discretion of the court, and could hardly be the subject of review here. The bond having been held sufficient, the order of injunction must be considered as in effect from the date of the entry, because the condition of its granting had been complied with. The order denying the motion to dissolve did not continue the injunction. Without such ruling by the court, after the filing of the bond, the injunction would have remained in force. The necessity for the ruling of the court arose, not by reason of the order of injunction, but by reason of the motion to dissolve. It follows that the order of March 9, 1894, was not an order continuing an injunction, and that no appeal lay therefrom under the seventh section of the circuit court of appeals act, and that, though the order of January 23d was appealable, the time for allowing the appeal expired more than 30 days before this appeal was allowed. This requires us to dismiss the appeal without considering the assignments of error, and it is so ordered.