## DENVER & R. G. R. CO. v. WALKER et al.

(Circuit Court of Appeals, Eighth Circuit. May 20, 1895.)

### No. 578.

APPEALABLE ORDER—ORDER DISSOLVING INJUNCTION.

    An order made by a district judge, in vacation, before the act of February 18, 1895, amending section 7 of the act of March 3, 1891 (26 Stat. 826, c. 517), went into effect, which dissolves a temporary restraining order made on an intervening petition, is not appealable.

Appeal from the Circuit Court of the United States for the District of Colorado.

This was an intervening petition by the Denver & Rio Grande Railroad Company in a suit in which the respondents, Aldace F. Walker, John J. McCook, and Joseph C. Wilson, had been appointed receivers of the Colorado Midland Railroad Company. A temporary restraining order was made, on the motion of the intervener, to prevent the receivers from laying a track. The district judge of the district of Colorado made an order, in vacation, dissolving the injunction. The intervener appealed. The receivers move to dismiss the appeal.

Edward O. Wolcott, Joel F. Vaile, and Henry F. May, for appellant.

Charles E. Gast filed brief in support of the motion to dismiss the appeal.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge. The motion to dismiss the appeal in this case appears to be well founded. The appeal was taken from an order made at chambers dissolving a temporary restraining order theretofore granted against Aldace F. Walker, John J. McCook, and Joseph C. Wilson, receivers of the Colorado Midland Railroad Company. On an intervening complaint filed by the Denver & Rio Grande Railroad Company in the suit in which the receivers had been appointed, the circuit court for the district of Colorado granted a temporary restraining order to prevent the receivers from laying a track across the track of the Denver & Rio Grande Railroad Company. It also issued, in connection therewith, a rule to show cause why an injunction pendente lite should not be granted. On the return made by the receivers to the rule to show cause, and on the hearing of certain testimony, the Honorable Moses Hallett, district judge for the district of Colorado, dissolved the temporary restrain-

ing order aforesaid.    Treating the order appealed from as an interlocutory order, it is not within the purview of section 7 of the act of March 3, 1891 (26 Stat. 826, c. 517), which only allows an appeal from interlocutory orders of the circuit and district courts "granting or continuing" an injunction.    The order dissolving the injunction, from which the appeal was taken, was made at chambers, and in vacation, on October 3, 1894, before the act of February 18, 1895, amending section 7 of the act of March 3, 1891, was adopted. The last-mentioned amendatory act permits an appeal from interlocutory orders of the district and circuit courts "granting, continuing, dissolving or refusing to dissolve an injunction," but that act can have no retroactive effect.    The appeal cannot be sustained on the ground that the order appealed from is not an interlocutory order, but a final order.    The order in question did not dismiss the intervening complaint on which the preliminary restraining order and rule to show cause was obtained, but leaves that complaint still pending and undetermined, for such further relief thereon, if any, as the court, on final hearing of the same, may see fit to award.    Moreover, the order dissolving the injunction, from which the appeal is taken, was not made by the circuit court, but by the district judge for the district of Colorado, in vacation.    For both of these reasons, it is not a final order or decree from which an appeal will lie.    Thomas v. Wooldridge, 23 Wall. 283, 288; Moses v. Mayor, 15 Wall. 387, 390; Verden v. Coleman, 18 How. 86; McCollum v. Eager, 2 How. 61.    The motion to dismiss the appeal is therefore sustained.