ROWAN et al. v. IDE.

(Circuit Court of Appeals, Fifth Circuit. March 26, 1901.)

No. 1,024.

1. STATUTES—JUDICIARY ACT—AMENDMENT—REPEAL—JURISDICTION OF CIRCUIT COURT OF APPEALS.

Section 7 of the judiciary act of March 3, 1891, relating to the jurisdiction of the circuit courts of appeals, was amended by Act Feb. 18, 1895, "to read as follows * * *," and by Act June 6, 1900, the original section was again amended "to read as follows * * *." Held, that the original section and the amendatory act of 1895 were necessarily repealed by the later act, though it did not declare in terms the repeal of either.

2. CIRCUIT COURT OF APPEALS—JURISDICTION—APPEALABLE ORDER.

An order or decree refusing to dissolve, discharge, or vacate an injunction is not an order continuing the injunction, within Act June 6, 1900, giving the circuit court of appeals jurisdiction of such orders on appeal.

3. SAME—APPEAL FROM INJUNCTIONAL ORDER—DISMISSAL.

An appeal to the circuit court of appeals from an order granting an injunction should be dismissed if not taken within 30 days, as required by Act June 6, 1900.

Appeal from the Circuit Court of the United States for the Northern District of Alabama.

This is an appeal from an interlocutory order entered in an equity case. The matters charged in the bill of complaint, briefly stated, are as follows: The complainant, E. T. Ide, is a citizen of the state of Vermont. Some time prior to the filing of the bill, one Edwin Underwood, who is also a citizen of Vermont, arranged with the defendant B. F. Richardson, a citizen of Massachusetts, that 50 shares of the capital stock of the defendant the Tredegar National Bank, owned by the former, should be transferred on the books of the company to, and a certificate therefor issued in the name of, the latter, and by him indorsed in blank to the former. This was done. Some time in September, 1900, Underwood authorized Richardson to sell this stock for him for $106 a share. On September 20th Richardson gave an option to the defendant Crosby, who is also a citizen of Massachusetts, to take this stock at $106 a share at any time within ten days or two weeks. The bill alleges that Underwood refused to recognize Richardson's right to give this option, and further alleges that on September 24th Underwood "sold, transferred, and assigned" the stock to the complainant for $5,100, which was paid at the time of sale. The bill goes on to allege that the certificate for the stock was in Underwood's safe in Boston, and, when the stock was sold to the complainant, Underwood informed Richardson of that fact, and sent him the keys of the safe, requesting him to obtain the certificate and return it to him for delivery, and that Richardson, instead of doing as requested, handed the certificate to Crosby, and received from him the price he had agreed to pay. It is further alleged that Underwood refused to receive this money from Richardson, and directed him to return it to Crosby, and that Richardson did so tender it, and demanded that the certificate of stock be surrendered, which Crosby refused and still refuses to do. The bill further alleges that Crosby purchased the stock as the agent of, and holds it in trust for, the other defendants; that the defendants propose to have the stock transferred on the books of the bank to the name of some one of them, and to vote at an approaching stockholders' meeting; that the object of the defendants is to obtain control of the bank, and to exclude the complainant and other stockholders from participation in its management, to the irreparable injury of the complainant and of the bank. The relief prayed is (1) that the defendants be enjoined from assigning the stock or having it transferred to them on the books of the company, and from voting or attempting to vote the same at any stockholders' meeting; (2) that the transfer to the defendant Crosby be declared null and void, and that the defendants be required to surrender it up

to be canceled; and (3) that a certificate for the stock be decreed to be issued to the complainant.

October 10, 1900, the bill was presented to the Honorable John Bruce, district judge of the district, who forthwith issued the injunction prayed for, without notice, and without hearing, and without bond. An application to dissolve and discharge this injunction was filed on October 24, 1900, based on grounds as follows:

"(1) That there is no equity in the bill of complaint. (2) That the said injunction was granted improvidently and without notice to the defendants, and without showing that irreparable damage would ensue from delay in granting said injunction after notice. (3) On the ground that the complainant has a plain, adequate, and complete remedy at law. (4) That the said bill fails to set up any facts sufficient which entitle the complainant to the interposition of a court of equity. (5) That this court has no jurisdiction of said cause, because indispensable parties cannot be made parties to the said bill, on account of nonresidence."

Notice was given of this motion, and the same was brought on for hearing before the Honorable David D. Shelby, circuit judge, who on November 7, 1900, entered an order as follows:

"The motion to discharge and dissolve the injunction in this case filed October 24, 1900, having been submitted on briefs, and having been duly considered, it is now ordered, adjudged, and decreed that said motion be overruled, but without prejudice to the right of the defendants to renew the motion, if they think proper to do so, before the Honorable John Bruce, district judge, who made the order granting the injunction.

"At chambers, New Orleans, Louisiana, November 6th, 1900.
                                   "David D. Shelby, U. S. Circuit Judge."

On November 15th another motion to discharge and vacate the injunction was made on the following grounds:

"(1) Because the same was granted without notice, and in violation of the law and the rules of the court. (2) That this court has no jurisdiction of the case, because indispensable parties cannot be made parties to the bill; they being nonresidents and citizens of other states, who cannot be sued or made parties. (3) That the bill is without equity."

On the 16th of November the defendants named in the bill filed a general demurrer to the same for want of necessary parties and for want of equity. On December 10, 1900, the following was entered:

"The motion to discharge the injunction in this case filed October 24, 1900, having been argued and submitted, and having been duly considered, it is now ordered, adjudged, and decreed that said motion be denied and overruled, and that respondents making the same pay all the costs thereof, for which execution may issue.

"At chambers, Montgomery, Alabama, Dec. 10, 1900.
                                   "John Bruce, U. S. District Judge."

On December 17th an appeal was allowed as follows:

"Whereas, motion having been made to dissolve and discharge an injunction heretofore granted against the defendants in said cause; and whereas, the motion was, on the hearing thereof, denied; and whereas, an appeal is desired by the defendants making said motion, from said order,—it is ordered that an appeal from said order refusing to discharge and dissolve said injunction, to the circuit court of appeals for the Fifth circuit, be allowed George H. Rowan and John F. Rowan and others, the defendants herein making said motion, returnable to the present term of the U. S. circuit court of appeals for the Fifth circuit, on giving bond in the sum of two hundred ($200) dollars, conditioned according to law; such appeal, however, not to operate as a supersedeas."

On the 8th of February, 1901, the appellee appeared in this court and moved to dismiss the appeal on the following grounds, to wit:

"(1) For that the order from which this appeal was taken was rendered more than thirty days before the taking of the same, and is therefore barred.

(2) For that said order will not support an appeal. (3) For that this court is without jurisdiction to entertain said appeal."

Afterwards the appellee, on leave of the court, supplemented the above with the following:

"(4) No assignment of errors was filed in the lower court at or before the taking of the appeal or since."

On the 11th of February counsel for appellants filed in this court a motion as follows:

"Peyton Rowan and others, appellants in the above cause, move the court for a mandamus to the lower court, or for a prohibition or other remedial writ, commanding the vacation and disssolution of the injunction heretofore granted therein."

W. A. Gunter, for appellants.

Sydney J. Bowie, for appellee.

Before PARDEE, Circuit Judge, and NEWMAN and TOULMIN, District Judges.

PARDEE, Circuit Judge (after stating the facts as above). Although we have heard much argument, orally and by brief, on many matters supposed to be involved, we do not find it necessary to determine whether the injunction issued on October 10, 1900, without notice or hearing and without bond, should be construed as a restraining order issued under the authority of section 718, Rev. St. U. S., or was a special injunction issued in violation of the fifty-fifth equity rule, or whether the appeal in this case was intended to be from the order of the circuit judge refusing to discharge and dissolve the said injunction, or from the order of the district judge refusing to vacate and discharge the injunction, or whether an order refusing to vacate and discharge an injunction is equivalent to an order refusing to discharge and dissolve an injunction; for in any event the appeal in this case must be dismissed. As a general rule, appeals from interlocutory orders made during the pendency of an equity cause are not allowed. Prior to March 3, 1891, they were not allowed at all. In the seventh section of the judiciary act establishing the circuit court of appeals, approved March 3, 1891, it was enacted:

"Sec. 7. That where, upon a hearing in equity in a district court or in an existing circuit court, an injunction shall be granted or continued by an interlocutory order or decree, in a cause in which an appeal from a final decree may be taken under the provisions of this act to the circuit court of appeals, an appeal may be taken from such interlocutory order or decree granting or continuing such injunction to the circuit court of appeals: provided, that the appeal must be taken within thirty days from the entry of such order or decree, and it shall take precedence in the appellate court; and the proceedings in other respects in the court below shall not be stayed unless otherwise ordered by that court during the pendency of such appeal."

Under this section none of the orders issued in the cause concerning the injunction, save the first, were appealable. This section remained in force until February 18, 1895, when, by act of congress approved on that day, it was amended so as to read as follows:

"That where, upon a hearing in equity in a district court or a circuit court, an injunction shall be granted, continued, refused, or dissolved by an interlocutory order or decree or an application to dissolve an injunction

shall be refused in a case in which an appeal from a final decree may be taken under the provisions of this act to the circuit court of appeals, an appeal may be taken from such interlocutory order or decree granting, continuing, refusing, dissolving, or refusing to dissolve an injunction to the circuit court of appeals: provided, that the appeal must be taken within thirty days from the entry of such order or decree; and it shall take precedence in the appellate court; and the proceedings in other respects in the court below shall not be stayed unless otherwise ordered by that court during the pendency of such appeal: and provided further, that the court below may in its discretion require as a condition of the appeal, an additional injunction bond."

Under this amendatory act it is probable that all of the orders relating to the injunction—granting it, refusing to discharge and dissolve it, and refusing to discharge and vacate it—were appealable.

On June 6, 1900, another act was passed, by which the original section 7 of the judiciary act of 1891 was again amended and re-enacted so as to read as follows:

"Sec. 7. That where, upon a hearing in equity in a district court or in a circuit court, or by a judge thereof in vacation, an injunction shall be granted or continued or a receiver appointed, by an interlocutory order or decree, in a cause in which an appeal from a final decree may be taken under the provisions of this act to the circuit court of appeals, an appeal may be taken from such interlocutory order or decree granting or continuing such injunction or appointing such receiver to the circuit court of appeals: provided, that the appeal must be taken within thirty days from the entry of such order or decree, and it shall take precedence in the appellate court; and the proceedings in other respects in the court below shall not be stayed, unless otherwise ordered by that court or by the appellate court or a judge thereof, during the pendency of such appeal: provided further, that the court below may in its discretion require as a condition of the appeal an additional bond."

By this amendatory act no repeal in terms was declared either of the original section 7 of the act of 1891 or of the amendatory act of 1895, but we take it to be perfectly clear that as section 7 of the act of 1891 can only read one way, and that way is as last declared by the legislative authority, the original section 7 and the amendatory act of 1895 were necessarily repealed by Act June 6, 1900. See Wire Co. v. Boyce (C. C. A.) 104 Fed. 172. Under this last amendatory act an appeal is authorized from an interlocutory order or decree granting or continuing an injunction upon a hearing in equity in a cause in which an appeal from a final decree may be taken to the circuit court of appeals, but limiting the right of appeal to 30 days from the entry of the order or decree granting or continuing the injunction. The order or decree continuing an injunction, within the meaning of the statute, is an order or decree which has vitality, affecting in some way the rights of the parties, and without which the injunction would either cease to have force or be enlarged or limited in scope. Frequently orders of injunction, under the law and the equity rules, or by terms inserted by the court or judge, are made to expire at specific dates or on the happening of specific events, and in such cases orders continuing the injunction in force are necessary. See section 719, Rev. St., and fifty-fifth equity rule. An order or decree refusing to dissolve or to discharge or to vacate an injunction is not an order continuing an injunction, within the meaning of the amendatory act. It is to be noticed that the act of 1900 and the original section 7 are

identical in terms, so far as the right is granted to appeal from orders of injunction. The original section 7 in this respect was construed in Dreutzer v. Land Co., 13 C. C. A. 73, 65 Fed. 642, in which case it was held that an order denying a motion to dissolve was not appealable, and the court said:

"The order denying a motion to dissolve did not continue the injunction. Without such ruling by the court after the filing of the bond, the injunction would have remained in force. The necessity of the ruling of the court arose, not by reason of the order for injunction, but by reason of the motion to dissolve."

In Railroad Co. v. Walker, 15 C. C. A. 188, 68 Fed. 23, it was held that under the act of 1891 an appeal would not lie from an order of court dissolving an injunction. In Wire Co. v. Boyce, supra, it was held that under the last amendatory act an appeal would not lie from an interlocutory order denying an injunction. To hold that an appeal will lie from an order refusing to dissolve an injunction would be to render meaningless the amendatory act of 1895, in which it was deemed necessary to expressly give the right to appeal from an interlocutory order refusing an injunction or dissolving an injunction, or refusing an application to dissolve an injunction. It would also render of no effect the provision in the original and both amendatory acts that appeals must be taken within 30 days from the entry of such order or decree, because, as said in Boston & A. R. Co. v. Pullman's Palace-Car Co., 2 C. C. A. 172, 51 Fed. 305, "it would be, in fact, saying that the parties may suffer the thirty days, expressly limited within which an appeal may be taken, to go by, and then revive the right by motions for rehearing made only to be dismissed."

We conclude that, if the appeal in this case was from the original order granting the injunction, it must be dismissed, because not taken within the 30 days provided by the statute; if it was from either one of the subsequent orders refusing to discharge, to vacate, and to dissolve the injunction, it must be dismissed, because the act of June 6, 1900, contains the whole law on the subject of appeals from interlocutory orders or decrees, and that act does not authorize an appeal from any interlocutory order or decree refusing to dissolve, discharge, or vacate an order of injunction previously granted. The appeal is dismissed.