LEWIS et al. v. HITCHMAN COAL & COKE CO.

(Circuit Court of Appeals, Fourth Circuit. March 11, 1910.)

No. 949.

1. COURTS (§ 407*)—APPELLATE JURISDICTION OF CIRCUIT COURTS OF APPEALS —"ORDER CONTINUING INJUNCTION."

Under Act March 3, 1891, c. 517, § 7, 26 Stat. 828, as amended by Act June 6, 1900, c. 803, 31 Stat. 660 (U. S. Comp. St. 1901, p. 550), and Act April 14, 1906, c. 1627, 34 Stat. 116 (U. S. Comp. St. Supp. 1909, p. 220), which gives a right of appeal to the Circuit Court of Appeals from an interlocutory order or decree granting or continuing an injunction, to be taken within 30 days, an order overruling a motion to dissolve or modify an injunction previously granted is not one continuing the injunction within the meaning of the statute, and is not appealable.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1100; Dec. Dig. § 407.*

Jurisdiction of Circuit Court of Appeals, see notes to 1 C. C. A. 6; 32 C. C. A. 475.]

Appeal from the Circuit Court of the United States for the Northern District of West Virginia, at Philippi.

Suit in equity by the Hitchman Coal & Coke Company against T. L. Lewis, individually and as vice president of the United Mine Workers of America, and others. Defendants appeal from an order overruling a motion to dissolve and modify a preliminary injunction. 172 Fed. 963. Appeal dismissed.

Charles E. Hogg, for appellants.

George R. E. Gilchrist, for appellee.

Before GOFF and PRITCHARD, Circuit Judges, and BOYD, District Judge.

BOYD, District Judge. On the 24th of October, 1907, the Hitchman Coal & Coke Company, the appellee here, filed its bill of complaint in the Circuit Court of the United States for the Northern District of West Virginia, at Philippi, seeking an injunction against the defendants upon the grounds alleged in the bill, and to the extent prayed for.

A temporary restraining order was issued on plaintiff's motion, and set down for hearing on the 14th day of January, 1908, and on that day the said hearing, on motion of defendants, was postponed until March 18, 1908, and the restraining order theretofore issued continued until the last-named date. On the 18th of March, 1908, the hearing was further postponed at the instance of defendants until the 26th day of May, 1908, and the restraining order continued until that day. On the 26th day of May, 1908, a hearing was had, and the injunction was granted as prayed for in the bill, the said injunction being in the same language as the temporary restraining order theretofore granted. On the day, to wit, May 26, 1908, that the hearing was had, and the injunction granted, certain of the defendants who had been served moved to dissolve the injunction, and this motion was continued until the 3d day of November, 1908. So far as appears from the record, the defendants took no further action on the motion to dissolve, but on the 15th of December, 1908, they filed in writing a motion to dissolve in part and to modify in certain respects the injunction of May 26, 1908. The latter motion was argued orally, and submitted on briefs of counsel for the parties April 7, 1909, and on September 21, 1909, the court entered an order denying the motion to modify, and continuing in force the injunction as granted on the 26th of May, 1908. From this order the defendants appealed to this court.

The interlocutory decree granting the injunction was entered, as before stated, on May 26, 1908, and 30 days elapsed thereafter without appeal. The question is presented to us upon a motion to dismiss as to whether the order of September 21, 1909, is appealable. This question arises under section 7, Act March 3, 1891, c. 517, 26 Stat. 828, to establish Circuit Courts of Appeals as amended by Act June 6, 1900, c. 803, 31 Stat. 660 (U. S. Comp. St. 1901, p. 550), and Act April 14, 1906, c. 1627, 34 Stat. 116 (U. S. Comp. St. Supp. 1909, p. 220). The said section as amended reads as follows:

"Sec. 7. That where, upon a hearing in equity in a District or in a Circuit Court, or by a judge thereof in vacation, an injunction shall be granted or continued, or a receiver appointed by an interlocutory order or decree, in any cause an appeal may be taken from such interlocutory order or decree granting or continuing such injunction, or appointing such receiver, to the Circuit Court of Appeals: Provided, that the appeal must be taken within thirty days from entry of such order or decree, and it shall take precedence in the appellate court; and the proceedings in other respects in the court below shall not be stayed unless otherwise ordered by that court, or by the appellate court, or a judge thereof, during the pendency of such appeal: Provided further, that the court below may, in its discretion, require as a condition of the appeal an additional bond."

The order entered by the court upon the motion of the defendants to dissolve in part and modify the injunction of May 26, 1908, is in the following language:

"And the court, now being advised of its decision, in accordance with its written opinion filed in this cause at Philippi, September 21, 1909, delivered for convenience of court and counsel in open court at Wheeling, September 21, 1909, doth overrule the said motion of the served defendants for a partial dissolution and correspondent modification of said temporary injunction of May 26, 1908, as made by said defendants December 15, 1908, and the court doth hereby continue in full force and effect in all respects the temporary injunction heretofore awarded in this cause, until the further order of the court."

After considering the point involved, and the argument orally, and by briefs of counsel, we have come to the conclusion that under the law an appeal from the order of the Circuit Court entered December 15, 1909, in this case denying the motion of defendants to dissolve in part and modify the injunction granted on May 26, 1908, does not lie. We might stop here and dismiss the appeal, but we think it well to give at least a brief statement of the grounds upon which our conclusion is based. Our views upon the question are so well expressed in the case of Dreutzer v. Frankfort Land Company et al., 65 Fed. 642, 13 C. C. A. 73, that we take the liberty of quoting from that case. The proceeding which had been taken in that case was substantially the same as here. The Frankfort Land Company et al. had filed a bill in the Circuit Court of the Sixth Circuit, and on the 23d of January, 1894, an injunction had been granted against Dreutzer restraining him from prosecuting certain proceedings at law. Subsequently, on the 2d of March, 1894, the defendant moved to dissolve the injunction on the same grounds upon which he had originally opposed it, and on the additional ground that sureties on bond of complainant were insufficient. This motion was denied by an order entered March 9, 1894. An appeal was taken from this last order on the 6th of April, 1894. The Circuit Court of Appeals for the Sixth Circuit, Taft, Circuit Judge, delivering the opinion, after stating the facts and inserting a copy of section 7 of the Circuit Court of Appeals act, says:

"The section introduced into federal appellate procedure a novelty. Before its enactment, there was no method of reviewing on appeal an interlocutory order or decree of the District or Circuit Courts. Congress accompanied this remedial provision with the condition that it should be taken advantage of by the aggrieved party within 30 days after it accrued. The condition is to be given effect, and is not to be made nugatory by a construction which would put it in the power of the aggrieved party to extend the limitation indefinitely. It is clear, therefore, that when, after a hearing of both sides, an injunction has been granted by the circuit court to continue in force for a fixed time— as, for example, until a hearing on the merits—the enjoined party cannot, after the expiration of 30 days from the order granting the injunction, acquire a new right of appeal by the filing of a motion to dissolve the injunction, and an order of the court denying the motion. Such an order neither grants nor continues the injunction within the meaning of section 7 of the act. Even if such order is made, the injunction remains in force until the time fixed in the order granting it for its expiration. And the denial of the motion to dissolve the injunction adds nothing to its force or effect."

As the decision in the Dreutzer Case, which we have cited, and from which we have quoted, was rendered in 1895, it may be suggested that

the amendments of June 6, 1900, and April 14, 1906, to section 7 of the Circuit Court of Appeals act, may have the effect to weaken the force of it, but upon examination of the original statute and the amendments it will be seen that, so far as the point involved in the Dreutzer Case and the case before us is concerned, the statute as originally passed, and as amended, is substantially the same.

We do not deem it necessary to further discuss the proposition. The appeal is dismissed.

Dismissed.