PIONEER LACE MFG. CO. v. DODD.

(Circuit Court of Appeals, Third Circuit. June 27, 1910.)

No. 1,375.

Courts (§ 407*)—Appellate Jurisdiction of Circuit Court of Appeals—Order "Continuing" Injunction.

An order denying a motion to dissolve a preliminary injunction is not one "continuing" the injunction, within the meaning of Act March 3, 1891, c. 517, § 7, 26 Stat. 828 (U. S. Comp. St. 1901, p. 550), and is not appealable thereunder.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1100; Dec. Dig. § 407.*

Orders, decrees, and judgments reviewable in Circuit Court of Appeals, see notes to Salmon v. Mills, 13 C. C. A. 374, Taylor v. Breese, 90 C. C. A. 566.]

---

Appeal from the Circuit Court of the United States for the Middle District of Pennsylvania.

Suit in equity by the Pioneer Lace Manufacturing Company against John A. Dodd. From order granting a preliminary injunction, defendant appeals. On motion to dismiss appeal. Motion sustained.

W. W. Watson, for appellant.

Percival H. Granger and J. Howard Reber, for appellee.

Before BUFFINGTON and LANNING, Circuit Judges, and YOUNG, District Judge.

PER CURIAM. On February 18, 1910, the Pioneer Lace Manufacturing Company filed in the United States Circuit Court for the Middle District of Pennsylvania its bill of complaint, praying for an injunction against the defendant, James A. Dodd, to restrain him from continuing in the employment of the Lehighton Lace Company. On February 24th the Circuit Court, after due notice and a hearing on bill and affidavits, granted a preliminary injunction pursuant to the prayer of the bill. On March 21st the defendant filed a written motion, asking the court to grant a rehearing of the plaintiff's motion to show cause why a preliminary injunction should not issue, to the end that, if the court should see fit, the injunction should be dissolved and vacated. Upon the filing of the motion the Circuit Court made this order:

"That a rehearing be had upon the plaintiffs' application for a preliminary injunction before this court at a term to be held on Thursday, the 24th day of March, 1910, at 2 o'clock in the afternoon, or as soon thereafter as counsel can be heard, in the courtroom in the Post Office Building in the city of Scranton, Pennsylvania, to show cause why the preliminary injunction heretofore granted and issued should not be dissolved and vacated."

On the return day of the above rule the hearing was continued until April 4th. After argument on the last-mentioned day, the court entered the following order:

"An application for a rehearing having been granted herein, and the motion having come on to be heard this 4th day of April to dissolve the injunction granted herein on February 24, 1910, now, after hearing W. W. Watson, for defendant, in favor of said motion, and Percival H. Grooger, in opposition thereto, and due deliberation having been had, it is ordered that said motion to dissolve said injunction be and the same is hereby in all respects denied."

An appeal to this court from the order granting the preliminary injunction was allowed on April 20, 1910.

The above statement of facts shows conclusively that the appeal was not taken within the time prescribed by the seventh section of the act entitled "An act to establish Circuit Courts of Appeals, and to define and regulate in certain cases the jurisdiction of the courts of the United States, and for other purposes," approved March 3, 1891 (Act March 3, 1891, c. 517, 26 Stat. 828 [U. S. Comp. St. 1901, p. 550]). That section requires an appeal from an interlocutory order granting an injunction to be taken within 30 days from the entry of the order. The argument in this case that the 30 days did not begin to run until after the court had made its order on the motion to dissolve the in-

junction is unsound. It has frequently been decided that an order refusing to dissolve a preliminary injunction cannot be construed as an order continuing an injunction, so as to bring the case within the operation of section 7 above mentioned. Dreutzer v. Frankford Land Co., 65 Fed. 642, 13 C. C. A. 73; Rowan v. Ide, 107 Fed. 161, 46 C. C. A. 214; Heinze v. Butte, etc., Consolidation Mining Co., 107 Fed. 165, 46 C. C. A. 219; Lewis v. Hitchman Coal & Coke Co., 176 Fed. 549, 100 C. C. A. 137.

In accordance with the rule established by these precedents, the present appeal must be dismissed; and it is so ordered.