### WOLFINGER v. MUELLER et al.
#### No. 10439.

Circuit Court of Appeals, Sixth Circuit.
Feb. 2, 1948.

Warren H. F. Schmieding and Jerome R. Cox, both of Columbus, Ohio (Warren H. F. Schmieding and Jerome R. Cox, both of Columbus, Ohio, on the brief; Wayne S. Gerber, of Columbus, Ohio, of counsel), for appellants.

F. O. Richey, of Cleveland, Ohio (F. O. Richey, H. F. McNenny and Richey & Watts, all of Cleveland, Ohio, on the brief), for appellees.

Before SIMONS, MARTIN and Mc-ALLISTER, Circuit Judges.

MARTIN, Circuit Judge.

George R. Hunt, patentee under Letters Patent No. 2300157, issued on October 27, 1942, for "feather-picking apparatus for fowls and the like", and his exclusive licensee, Conrad B. Mueller, filed an infringement suit on October 9, 1945, against Robert F. Wolfinger and Ray H. Peak. Simultaneously with the filing of the complaint, they moved for a preliminary injunction. After a hearing on the motion, the district court for the Southern District of Ohio filed a decision in writing on May 1, 1946. 68 F.Supp. 485. The decision recited that, in the same court on July 30, 1945, Mueller v. Campbell, 68 F.Supp. 464, the same plaintiffs had obtained a judgment upholding the validity of claims 2, 3, 7, 10, 12, 14, 17 and 19 of the Hunt Patent No. 2300157, and permanently enjoining H. C. Campbell, H. D. Thomas and William E. Ginovan from infringement of each of the claims. It was stated that the respective parties in that action had given notice of appeal to this court; and that, in a bill of particulars, plaintiffs had asserted that on their present motion they were relying upon the claims of the Hunt Patent which had been held valid.

The district court proceeded to discuss and quote from the argument in the briefs and the affidavits supporting the complaint, and observed that the validity of the claims relied upon was not challenged and that counsel for defendants agreed that the sole question for decision is "whether or not defendants' finger or fingers are the equivalent of the finger heretofore held by the court to be an infringement."

In his decision, the district judge stated further that while the defendants agreed that the issuance of a preliminary injunction is within the discretion of the trial court, they urged that, being an extraordinary remedy, a preliminary injunction should not be issued unless both the validity of the patent and the infringement thereof are clear; and that, where a patent has been held valid and infringed in one suit, a preliminary injunction sought in another on the same patent need not be granted. Citing City of Grand Rapids v. Warren Bros. Co., 6 Cir., 196 F. 892, the district court remarked that, to justify the issuance of a preliminary injunction, it is not necessary that the validity or infringement of the claims of a patent be shown beyond a reasonable doubt; and that the court properly may consider the relative injury which will result to the parties, respectively, from granting or refusing an injunction. Crescent Specialty Co. v. National Fire Works Distributing Co., 6 Cir., 219 F. 130, 132, was quoted to the effect that "injunction should be granted or withheld according as, upon a balancing of convenience and inconvenience, seems necessary to the protection of the rights of the parties."

The district judge next pointed out in his decision in writing that it had also been held in his district, as well as in this circuit, that it is entirely proper and within the discretion of the trial court under certain circumstances "to require a defendant to post a bond in lieu of a preliminary injunction" [68 F.Supp. 489]; then said: "In view of its decision and the judgment entered thereon, in Civil Action 279, in this Court, [Mueller and Hunt v. Campbell, Thomas and Ginovan; reported in 68 F. Supp. 464; subsequently affirmed, with modification, 159 F.2d 803] and of its recent Decision, 68 F.Supp. 475, in a contempt proceeding on rules to show cause in Civil Action No. 279, together with the submitted record and the applicable law in the present case, the Court is of the

opinion that the instant case is one which warrants such procedure."

The court declared that the same procedure employed by District Judge Sage in George A. Macbeth Co. v. Lippencott Glass Co., C.C., S.D.Ohio, 54 F. 167, would be followed in the instant case; and that counsel would therefore prepare an order requiring the respective defendants to give bond for the payment of any profits or damages that might be decreed against them and that, if the parties could not agree upon the amount of the bond within fifteen days, each should submit to the court in writing the amounts respectively deemed reasonable. It was further directed that the order should provide that the respective defendants be required to keep an accounting of their manufactures and sales, to be produced when called for by the court. The direction was given in the court's decision that the order should provide that the motion for a preliminary injunction is overruled, with leave to plaintiffs to renew it if the respective bonds prescribed should not be furnished within twenty days from the date of entry of the order.

In an order subsequently entered on May 22, 1946, the appellants, Peak and Wolfinger, defendants below, were each required to give bond in the sum of $35,000 to the plaintiffs for the payment of all profits and damages awarded against them respectively; to keep an accurate accounting of their manufacture and sale of poultry picking machines and fingers therefor; and to produce the accounting when called for by the court. In its last paragraph, the order directed that the motion of the plaintiff for a preliminary injunction be overruled, with leave to renew it if the respective bonds to be executed by appellants were not furnished within twenty days from the entry of the order.

On June 19, 1946, the plaintiffs below, now appellees, renewed their motion for preliminary injunction, stating that in a letter to the court counsel for appellants had asserted the inability of his clients to procure bond as required in the court's order of May 22, 1946. One month later, on July 19, 1946, the district court entered a conditional order, termed a "preliminary injunction", enjoining appellants from direct-ly or indirectly infringing upon United States Letters Patent No. 2300157 by making, selling, or using poultry-picking machines and fingers therefor exemplified by plaintiffs' exhibits 2, 3, 3a, 4 and 5, and each of them, or equivalents thereof; from in any way infringing upon or contributing to the infringement of any of claims 2, 3, 7, 10, 12, 14, 17 and 19 of the Letters Patent; and from threatening to do any act to infringe any of the claims.

But this order distinctly provided that it should not take effect against either defendant, unless and until the plaintiffs gave bond to him in the sum of $10,000 for the payment of such costs and damages as might be incurred or suffered by such defendant by reason of the injunction, in the event that he should be found to have been wrongfully enjoined or restrained. The order of July 19, 1946, provided further that the bonds, upon motion seasonably filed and after due notice and upon proper showing, would be increased or decreased in conformity with justice and equity; and that after the injunction had become operative by the execution of the required bonds it should remain in force until further order of the court.

On July 31, 1946, appellants moved in writing that the foregoing order should be modified to limit the permissible time within which the plaintiffs, Mueller and Hunt, might execute the required bonds and to require appellees to give reasonable notice to appellants of the filing of such bonds. No formal order was entered upon this motion; but, on September 3, 1946, the district court filed a "memorandum" stating that the motion would not presently be passed upon, in view of the statements contained in the brief of the plaintiffs that they had no intention of attemping to have the bonds approved and filed without notice to the defendants and that the delay in giving the bonds had been due to the illness of plaintiff Mueller. In this memorandum, the assertion was made that it was filed so that the record would show and counsel know that disposition of the motion had not been delayed from oversight or neglect. It was stated further that, should some specific hardship or injustice threaten or befall appellants from failure of appellees

to give bond, the situation could be brought to the attention of the court for further consideration of the motion.

Wolfinger and Peak have appealed to this court from what they term the "order" of the district court entered September 3, 1946, described by them as refusing to modify the order granting preliminary injunction against them from infringing the specified claims of Letters Patent No. 2300157.

As appears from the foregoing analysis of the district court's memorandum of September 3, 1946, action upon the motion to modify its order of July 19, 1946, was expressly pretermitted by the court; and, so far as the record discloses, no operative injunction has ever been put into effect by any order entered in the district court.

As has been shown, the "decision" filed on May 1, 1946, directed that the motion for preliminary injunction should be *overruled,* with leave to renew it should the prescribed bonds not be furnished by defendants within the time specified. *The order of June 19, 1946, was, by clear expression, not to become effective unless and until the plaintiffs gave bond as required in the order.* It does not appear from the record that any bond has ever been executed and filed by the plaintiffs in compliance with the essential condition of that order to make it effective as an injunctive decree.

Appellants concede in their brief that the preliminary injunction has never become operative. Their complaint is that it is unfair to compel them "to live for an indefinite period with the possibility that the plaintiffs may at any time call the injunction into being"; and that they cannot carry on their business in an efficient manner, plan future production, or know whether they can fill orders. They say that, by continuous delay, the appellees obtain injunctive benefits without compliance with law; and that appellants "are at the complete mercy of plaintiffs and have only the limited amount of the bonds, if and when posted, to compensate them for damages while the business is corralled by plaintiffs by reason of the threatened injunction."

From the foregoing summary of the procedure in the district court, it is manifest that we face squarely the question of our jurisdiction to entertain this appeal. No motion to dismiss on jurisdictional grounds has been made by the appellees, but the question of jurisdiction is raised at the outset of their main brief. Appellants, in their reply brief, respond that the present appeal is not only from a preliminary injunction, but from the refusal of the district court to modify that preliminary injunction, and therefore falls within the scope of United States Code Annotated, Title 28, § 227.

This applicable section of the Code provides in material part: "Where, upon a hearing in a district court, * * * an injunction is granted, continued, modified, refused, or dissolved by an interlocutory order or decree, or an application to dissolve or modify an injunction is refused, * * * an appeal may be taken from such interlocutory order or decree to the circuit court of appeals * * *." U.S.C.A., Title 28, § 227, Mar. 3, 1891, c. 517, § 7, 26 Stat. 828; Feb. 18, 1895, c. 96, 28 Stat. 666; June 6, 1900, c. 803, 31 Stat. 600; Apr. 14, 1906, c. 1627, 34 Stat. 116; Mar. 3, 1911, c. 231, § 129, 36 Stat. 1134; Feb. 13, 1925, c. 229, § 1, 43 Stat. 937. The statute further provides that the appeal must be applied for within thirty days from the entry of the interlocutory order or decree. The Supreme Court has held that an appeal from an interlocutory decree, taken after the expiration of the thirty-days' time limit prescribed by the statute, does not fall within the jurisdiction of the circuit court of appeals. George v. Victor Talking Machine Co., 293 U.S. 377, 55 S.Ct. 229, 79 L.Ed. 439.

If the order of June 19, 1946, be regarded as a "granted" injunction, notwithstanding the conditio sine qua non contained in it, this appeal comes too late, because not applied for within thirty days from the entry of such order, as required by the statute. If the injunction never became operative, it could not be "continued", or "modified". Moreover, the motion of appellants did not call for modification, but sought merely the fixation of a definite time limit within which the plaintiffs would be compelled to comply with the essential condition upon which the injunction would

become operative. There was, of course, no seasonable appeal from the first order of the court, in which an injunction was "refused"; and no motion has ever been made seeking to have the conditional injunction "dissolved".

Even should we strain toward a most liberal interpretation of the statute, in order to avoid dismissal of this appeal for lack of jurisdiction, we can find no jurisdictional basis upon which it may be entertained. The appeal is not from an interlocutory order or decree of the district court. The paper writing filed by the judge on September 3, 1946, from which appeal was taken, was, in no sense, an order, judgment or decree, but was, as he termed it, merely a "memorandum" stating that the court would not presently pass upon the motion presented. Certainly, the statute does not justify an appeal from that sort of "memorandum".

■ Before the enactment of the statute in its original form, a review on appeal could be had only from a final judgment, order, or decree, there being no prescribed method for appeal from an interlocutory order, or decree. As Judge Taft said, in Dreutzer v. Frankfort Land Co., 6 Cir., 65 F. 642, 644, 646, section 7 of the act establishing the circuit court of appeals, 26 Stat. 828, 28 U.S.C.A. § 227, introduced a "novelty" into federal appellate procedure; but, he added: "Congress accompanied this remedial provision with the condition that it should be taken advantage of by the aggrieved party within 30 days after it accrued." In that case, in which Judge Lurton sat with Judge Taft, an appeal under the statute was dismissed without consideration of the assignments of error. The facts, reasoning and decision of the court which are relevant here appear in the opinion, as follows: "The order granting the injunction was made, after full hearing, on January 23, 1894, and was operative from that date without further action of the court, though it was liable to be defeated in case the complainant should make default in giving the bond required. That order was certainly appealable under section 7. The time within which the appeal could be allowed expired 30 days thereafter. No motion to rehear the issue decided or to dissolve the injunction was made within that time. The injunction was issued on condition of the execution of a bond with approved sureties. The bond was filed February 5th, with a certificate of the sufficiency of the sureties by the clerk and master of the state chancery court of the county where the sureties lived. A motion to dissolve was then filed, March 2, 1894, on the same grounds upon which the granting of the injunction, January 23, 1894, had been resisted, and on the additional ground that the bond filed did not comply with the order of the court, because insufficient. This last ground was addressed to the discretion of the court, and could hardly be the subject of review here. The bond having been held sufficient, the order of injunction must be considered as in effect from the date of entry, because the condition of its granting had been complied with. The order denying the motion to dissolve did not continue the injunction. Without such ruling by the court, after the filing of the bond, the injunction would have remained in force. The necessity for the ruling of the court arose, not by reason of the order of injunction, but by reason of the motion to dissolve. It follows that the order of March 9, 1894, was not an order continuing an injunction, and that no appeal lay therefrom under the seventh section of the circuit court of appeals act, and that, though the order of January 23d was appealable, the time for allowing the appeal expired more than thirty days before this appeal was allowed" (65 F. at page 646). In the case at bar, it is obvious that the appellants stand upon even weaker jurisdictional ground than did the appellants in the Dreutzer case, which was considered still authoritative in Cleveland Trust Co. v. Simmons Mfg. Co., 6 Cir., 66 F.2d 134.

For illustrative authorities in which the Dreutzer case was cited approvingly and appeals from interlocutory injunctive orders were dismissed for want of jurisdiction, see: Heinze v. Butte & Boston Consol. Mining Co., 9 Cir., 107 F. 165; Lewis v. Hitchman Coal & Coke Co., 4 Cir., 176 F. 549; Pioneer Lace Mfg. Co. v. Dodd, 3 Cir., 181 F. 688. Not only in cases such as those just cited, where appeals were taken from

orders not deemed as continuing injunctions, have appeals been dismissed for want of jurisdiction; but orders denying petitions for rehearing, after decree for injunction and accounting in patent infringement suits, have also been held not to be appealable under the statute. See, for example, Magnetic Mfg. Co. v. Dings Magnetic Separator Co., 7 Cir., 37 F.2d 709.

The opinion of Judge Lurton in Bissell Carpet Sweeper Co v. Goshen Sweeper Co., 6 Cir., 72 F. 545, does not conflict with other decisions of this court. There, it was simply held upon the pertinent point that an order so modifying an interlocutory decree for a broad, perpetual injunction against infringing a patent as to permit the defendant to manufacture and sell for a limited time certain infringing machines was an order dissolving, pro tanto, the original injunction, and therefore appealable under the 1895 amendment of section 7 of the original act. The situation in that case bears no remote factual analogy here.

In Bowles v. Rice, 6 Cir., 152 F. 2d 543, 544, we held that, regardless of whether the appellee moves to dismiss, the circuit court of appeals possesses no jurisdiction to entertain an appeal from an interlocutory order denying a temporary injunction, where no notice of the appeal was given within thirty days after entry in the district court of a formal order denying the motion and continuing the case on its docket until the next term of court, even though an appeal was taken within thirty days after findings of fact and conclusions of law were announced and a second order denying the motion for temporary injunction was entered. We reiterate what we said, through Judge Simons, in our opinion in that case: "Section 227 is in no wise vague or ambiguous. Its terms are mandatory. They must be strictly construed. Kelsey Wheel v. Universal Rim Co., 6 Cir., 296 F. 616; Hyman v. McLendon, 4 Cir., 102 F.2d 189; George v. Victor Talking Mach. Co., 293 U.S. 377, 55 S.Ct. 229, 79 L.Ed. 439. Neither the district court nor this court has power, either directly or by indirection, to extend the time for the taking of such appeal."

For the reasons which we have endeavored to make apparent, we are constrained to dismiss the appeal in the instant case.