(17 App. Div. 465.)

### BUEK v. COLLIS et al.

(Supreme Court, Appellate Division, First Department. May 7, 1897.)

1. MUNICIPAL CORPORATIONS—AREAS—NECESSITY OF PERMIT.

The power of the commissioner of public works of New York City to require payment of a fee for a permit to construct an area (Laws 1882, c. 410, § 86, and ordinances pursuant thereto) is abrogated, as to tenement houses, by Laws 1895, c. 567, which requires the construction of areas in front of all tenement houses.

2. SAME—CONSTRUCTION OF STATUTE.

Laws 1895, c. 567, which provides that in every tenement house an area "shall be constructed from the level of the cellar to the sidewalk in front and extending the full width of such house," does not abrogate the existing custom to construct areas in the sidewalk, and require areas thereafter constructed to be within the lot line.

Appeal from special term, New York county.

Action by Charles Buek against Charles H. T. Collis, individually and as commissioner of public works of the city of New York, and others. From an order granting an injunction pendente lite, defendants appeal. Affirmed.

Argued before WILLIAMS, PATTERSON, O'BRIEN, INGRAHAM, and PARKER, JJ.

George L. Sterling, for appellants.
John M. Bowers, for respondent.

PARKER, J. The plaintiff is the owner of a piece of land with a building thereon, which is nearly, if not quite, completed, situated at the southwest corner of Amsterdam avenue and Eighty-First street, New York; the building having a frontage of about 100 feet on each street. It is arranged for stores on the ground floor, with tenements or flats above, and constitutes a tenement house, as defined in section 666 of the New York consolidation act. On both Amsterdam avenue and Eighty-First street there is an excavation under the sidewalk, extending from the level of the cellar to the sidewalk. But these excavations do not extend more than one-fifteenth part of the width of the streets upon which they are situated, nor more than five feet, measuring from the inner wall of the area to the building. After these excavations had been made, they were covered with vault lights or gratings, which

the commissioner of public works removed, whereupon this suit was commenced, and a temporary injunction was granted, restraining the defendants, as officers of the city of New York, from further interfering with the gratings over such excavations. The occasion for the controversy was a difference of opinion between the plaintiff and the commissioner of public works as to whether such commissioner had the right, and was charged with the duty, of exacting $2 per superficial foot for a permit to the plaintiff which should authorize him to maintain and use the excavations with vault lights and gratings over them. The plaintiff insisted that as he was compelled, by chapter 567 of the Laws of 1895, not only to make the excavations, but to cover them in the manner in which he did, he was not required to obtain a permit; that there did not reside in the commissioner of public works the power to so far check the operation of the statute as to prevent the plaintiff from executing its positive commands. The argument of the counsel for the city authorities is (1) that prior to the passage of chapter 567 of the Laws of 1895 the right asserted by the commissioner of public works in this case clearly existed; (2) that the legislature by the passage of such act did not intend to repeal the law previously existing in this respect; (3) that, assuming that the act of 1895 authorizes excavations in the street, still the statute and ordinances not inconsistent with the act continue in force, and by virtue thereof the commissioner of public works can still exercise the legal power, and charge the fees authorized by law.

By section 316 of the consolidation act, the department of public works was given cognizance and control "* * * of street vaults and openings in sidewalks * * * of paving, repairing and repaving streets and keeping the same clear of obstructions, and of the relaying of payments removed for any cause." Section 86 of the consolidation act authorizes the common council to make ordinances, not inconsistent with law and the constitution of the state, among other things: "(17) To provide in relation to the construction, repairs and use of vaults, cisterns, areas, hydrants, pumps and sewers." As permitted by the statute, certain ordinances have been passed. They provide, among other things, that the commissioner of public works is empowered to give permission to construct any vault or cistern in a street, if no injury will result to the public; that no person can construct any vaults in the streets of the city without a written permission of the commissioner of public works, under penalty of $100; that, after obtaining permission to construct the vault, the person building must forthwith pay to the commissioner of public works such sum as said commissioner should certify in the commission to be a just compensation to the city for the privilege, not less than 30 cents or more than $2 per square foot; that the vault must not extend further than the line of the sidewalk or curbstone. Section 194 defines a vault as follows:

"Every description of opening below the surface of the street in front of any shop, store, house or other building if covered over shall be considered and held to be a vault and cistern within the meaning of this article, and the

master builder or owner, or person for whom the same shall be made or built, shall be liable to the provisions, payments and penalties of this article severally and respectively."

Within that definition, the excavation in question is a vault; and, because of the statutes and ordinances to which reference has been made, it would follow, in the absence of other contradictory statutory provisions, that the commissioner of public works would be entitled to the sum which he demanded in this case as a condition of granting a permit to make the construction. Prior to the statute of 1895, then, there were two constructions authorized,—one a vault, and the other an area. The vault was covered; and the area was not. This conclusion might have been reached in fewer words, and would have been but for the aid which a mere statement of the substance of the statutory provisions and ordinances afford in construing such portion of chapter 567 of the Laws of 1895 as is involved in this controversy. It reads as follows:

"In all tenement houses hereafter constructed or buildings hereafter converted to the purpose of a tenement house * * * an open area shall be constructed from the level of the cellar to the sidewalk in front of and extending the full width of such houses, which shall contain a staircase to give access to the cellar from the street. Where stores are located on the first floor, the area may be covered with suitable vault lights or gratings."

It is conceded that the plaintiff's building is a tenement house, within the meaning of the provision quoted, and that stores are located on the first floor. It is likewise conceded that the statute compelled the plaintiff to construct an area, which it permitted him to cover with suitable vault lights and gratings, because of the stores on the first floor. But the appellants urge that a proper construction of the act requires the holding that the area which the plaintiff is compelled to construct should be on his own land, and not in the public street. As it has long been the custom to permit the building of areas or vaults under the sidewalks in front of buildings in the city of New York, it cannot readily be conceived that the legislature would attempt to take away that right without saying so in express terms. This, clearly, it did not do, nor can there be discovered in the provision any foundation for an argument that the legislature intended to repeal by implication the statutes conferring such privilege upon the performance of given conditions. On the contrary, it seems to be plain, from a mere reading of the provisions, that the area provided for therein was to be constructed under the sidewalk. "An open area," says the statute, shall be constructed "from the level of the cellar to the sidewalk." Not from the level of the cellar to the surface of plaintiff's lot, but from the level of the cellar to the sidewalk, where it had been both permissible and usual to construct open areas for a long period prior to the passage of the act of 1895. The provision also authorizes the owner, in the event of stores being located on the first floor, to cover the area with suitable vault lights or gratings. Prior to the passage of this act, the covering of the area would have constituted it a vault, within the

meaning of the statute and ordinances passed in pursuance thereof; but by this provision, it will be observed, the legislature has constituted an exception in the case of an area in front of a tenement house having stores on the first floor. There the area way may be covered with suitable vault lights or gratings, but, by the command of the statute, it is an area nevertheless; and to that extent the statutes, and the ordinances having the force of statutes, must be deemed to have been repealed.

The appellants' second contention is that, admitting that the area way which the statute authorizes may be in the street, it does not follow that the commissioner of public works has no power to regulate it and its use, and to charge a fee for the privilege of using such land. The legislature has power to authorize the construction of area ways, by property owners, under the sidewalks, in the city of New York, without obtaining the consent of the city or any of its officers. In the interest of the public health, it has not only permitted, but it has commanded, all persons who hereafter construct tenement houses to build such an area in the public streets and under the sidewalk. Legislative permission to a class of owners to construct areas in front of their premises would, by implication, repeal so much of an existing statute as conferred upon a commissioner of public works the authority to grant such permission. But, if it could be assumed that in such a case there would still be room for doubt as to whether it was intended to repeal the law conferring such power upon the commissioner of public works, there can be no doubt of the legislative intent where, as in this case, the legislature not only permits, but commands, the owner to build the area. Surely a commissioner of public works may not permit an owner to do an act which he cannot prevent him from doing; nor can it be that an owner must seek permission from such officer to do what the statute says he shall do whether the officer consents or not.

The order should be affirmed, with $10 costs and printing disbursements. All concur.