CITY OF NEW YORK v. MADISON AVE. REAL ESTATE CO.

(Supreme Court, Appellate Term. January 7, 1904.)

1. MUNICIPAL CORPORATIONS—TENEMENT HOUSES—CONSTRUCTION OF VAULTS IN STREETS—NECESSITY OF PERMIT—REPEAL OF CHARTER REQUIREMENT AS TO OPEN AREAS.

Action was brought to recover a penalty for the violation of an ordinance of the city of New York forbidding the construction of vaults in the streets "without the written permission of the commissioners having jurisdiction thereof," and defendant claimed that it was incumbent on him to do so in order to comply with Laws 1895, p. 1107, c. 567, § 8, incorporated in the Charter of 1897 (Laws 1897, p. 471, c. 378) § 1318, compelling a builder of a tenement house to construct an open area from the level of the cellar to the sidewalk in front of the same. The act of 1895 does not appear, however, in the Charter of 1901 (Laws 1901, c. 466), nor in the tenement house act of 1901 (Laws 1901, p. 889, c. 334). Section 1318 of the Charter of 1897 appears under title 7 (page 462) designated "Tenement and Lodging Houses," whereas title 7 of the Charter of 1901 (page 548) contains only the heading "Lodging Houses." A comparison of the Charter of 1897 with that of 1901 shows that title 7 of the latter omits provisions contained in title 7 of the former, relating to tenement houses, and relates only to lodging houses, and section 1315 of the Charter of 1901 (page 553, c. 466) corresponds to section 1318 of the previous charter (page 471, c. 378) so far as it is applicable to lodging houses, but omits all reference to the compulsory provision as to areas, and provisions are found in the tenement house act of 1901 not previously existing under any general law or in the charter. *Held*, that section 1318 of the Charter of 1897 was repealed, and hence the vaults must be regarded as a voluntary construction coming within the provisions of the ordinance requiring a permit.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by the city of New York against the Madison Avenue Real Estate Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

John J. Buckley, for appellant.

George L. Rives (Arthur F. Cosby and Simon C. Noot, of counsel), for respondent.

GREENBAUM, J. Defendant appeals from a judgment rendered against him in this action, which was brought to recover a penalty for the violation of section 319 of the Revised Ordinances of the City of New York. Said section 319 forbids the construction of any vault in any of the streets of the city of New York "without the written permission of the commissioner having jurisdiction thereof, under the penalty of one hundred dollars." The defendant concedes that during

the month of January, 1903, it constructed vaults in front of its premises at the southeast corner of Madison avenue and Sixtieth street without procuring a permit from the commissioner of highways, the official charged with the duty of enforcing the ordinance in question, but it contends that the building in front of which the vaults were constructed was a "tenement house" within the definition of such a structure under what is known as the "Tenement House Act," passed in 1901 (Laws 1901, p. 889, c. 334), and that under the statutes still in force it was incumbent upon one who erected a tenement house in said city to construct an open area from the level of the cellar to the sidewalk in front of and extending the full width of such house, and that, where stores are located in such building, "the area may be covered with suitable vault light or grating." There is no doubt that prior to the enactment of the present Greater New York Charter and of the tenement house act in 1901, the law applicable to tenement houses compelled a builder of a tenement house to construct an open area in front of the house as above indicated, under the provisions of section 8, c. 567, p. 1107, Laws 1895, which amended section 661, c. 410, p. 184, of the consolidation act of 1882, and was subsequently incorporated in the Charter of the City of New York (chapter 378, p. 471, Laws 1897) in section 1318 thereof. And there is no doubt, if the statute just referred to is still in effect, that the ordinances under which the recovery herein is sought have no application in this case. That point was settled by the decision in the case of Buek v. Collis, 17 App. Div. 465, 45 N. Y. Supp. 291. Does the existing law compel one who builds a tenement house to construct an area as required by the Laws of 1895, supra? An examination of the legislation bearing upon this question shows that the act of 1895, which, as already stated, was incorporated in the Charter of 1897 (section 1318, p. 471), does not appear in the Charter of 1901 (Laws 1901, c. 466), nor can it be found in the tenement house act of 1901. Section 1318 of the Charter of 1897 (Laws 1897, p. 471, c. 378) appears under title 7 (page 462), designated "Tenement and Lodging Houses," whereas title 7 of the Charter of 1901 (page 548) contains only the heading "Lodging Houses." A comparison of the various sections of the Charter of 1897 with those of the present charter under title 7 shows that the latter omits the provisions contained in the former relating to tenement houses, and relates only to lodging houses; so that we find fewer sections in the Charter of 1901 than in that of 1897; and section 1315 of the present charter (page 553, c. 466), corresponding to section 1318 of the previous charter (page 471, c. 378), so far as it is applicable to lodging houses, omits all reference to the compulsory provision as to areas contained in section 1318 of the Charter of 1897. It requires no argument to show that the tenement house act was designed as a comprehensive measure to control the erection of tenement houses in the city of New York, and it is apparent that this act was intended by the Legislature to supersede the special provisions of the charter affecting their construction. The act of 1895 requiring areas in front of tenement houses was clearly a public health measure applicable to tenement houses. Buek v. Collis, 17 App. Div. 469, 45 N. Y. Supp. 291. And it is evident that, if it were intended to retain that provision in the new

enactment, it would have been incorporated in it; particularly so as we find provisions in the tenement house act which did not previously exist under any general law or in the charter, such as those which relate to basements and cellars found in section 91 (page 909). It is "well settled that a later statute covering the same subject-matter and embracing new provisions operates to repeal the prior act, although the two acts are not in express terms repugnant." McDermott v. Nassau Electric R. R. Co., 85 Hun, 423, 32 N. Y. Supp. 884, citing People v. Jaehne, 103 N. Y. 182, 8 N. E. 374. It would therefore appear that the Legislature, by the amendments to the Charter in 1901 and the enactment of the tenement house act during the same sessions, intended to repeal the special provisions requiring open areas to be constructed in front of tenement houses, and that no such provision of law now exists. From the record in this case it is apparent that the defendant was not obliged by any department to build the vault or area in question, that it was a voluntary construction, and that it must therefore be treated as coming within the provisions of the ordinance requiring a permit from the commissioner of highways. A violation of the ordinance having been established, the judgment must be affirmed.

Judgment affirmed, with costs. All concur.