THE CITY OF NEW YORK, Respondent, *v.* THE MADISON AVENUE REAL ESTATE CO., Appellant.

(Supreme Court, Appellate Term, January, 1904.)

New York city — Open areas not required after 1901 in front of a " tenement-house " — Violation of Revised Ordinances, § 319.

> The Legislature, by the amendments to the charter of the city of New York made in 1901 and by the enactment in the same year of the Tenement-House Act, intended to repeal the prior special provisions requiring open areas to be constructed in front of tenement-houses in that city and no such provisions of law have existed since those enactments.

> Therefore, a corporation which, in 1903, constructs vaults in front of its premises in a street in said city without first obtaining written permission to do so from the city commissioner of highways violates section 319 of the Revised Ordinances of said city and cannot escape the penalty thereby imposed.

APPEAL by the defendant from a judgment of the Municipal Court of the city of New York, seventh district, borough of Manhattan, entered in favor of the plaintiff.

John J. Buckley, for appellant.

George L. Rives, Corporation Counsel (Arthur F. Cosby and Simon C. Noot, of counsel), for respondent.

GREENBAUM, J.   The defendant appeals from a judgment rendered against it in this action, which was brought to recover a penalty for the violation of section 319 of the Revised Ordinances of the city of New York.   Said section 319 forbids the construction of any vault in any of the streets of the city of New York, " without the written permission of the Commissioner having jurisdiction thereof, under the penalty of one hundred dollars."

The defendant concedes that during the month of January, 1903, it constructed vaults in front of its premises at the southeast corner of Madison avenue and Sixtieth street without procuring a permit from the commissioner of high-

ways, the official charged with the duty of enforcing the ordinance in question, but it contends that the building, in front of which the vaults were constructed, was a " tenement house " within the definition of such a structure under what is known as the Tenement-House Act (chap. 334), passed in 1901, and that, under the statutes still in force, it was incumbent upon one who erected a tenement-house in said city to construct an open area from the level of the cellar to the sidewalk in front of and extending the full width of such house, and that where stores are located in such building, " the area may be covered with suitable vault light or grating."

There is no doubt that prior to the enactment of the present Greater New York Charter and of the Tenement-House Act, in 1901, the law applicable to a tenement-house compelled a builder of a tenement-house to construct an open area in front of the house as above indicated, under the provisions of section 8 of chapter 567, Laws of 1895, which amended section 661 of the Consolidation Act of 1882, and was subsequently incorporated in the charter of the city of New York (Laws of 1897, chap. 378), in section 1318 thereof.

And there is no doubt, if the statute just referred to is still in effect, that the ordinance under which the recovery herein is sought has no application in this case.   That point was settled by the decision in the case of Buek v. Collis, 17 App. Div. 465.

Does the existing law compel one who builds a tenement-house to construct an area as required by the Laws of 1895, *supra?*

An examination of the legislation bearing upon this question shows that the act of 1895, which as already stated was incorporated in the charter of 1897 (§ 1318), does not appear in the charter of 1901, nor can it be found in the Tenement-House Act of 1901.

Section 1318 of the charter of 1897 appears under title 7, designated " Tenement and Lodging House," whereas title 7 of the charter of 1901 contains only the heading " Lodging House."

A comparison of the various sections of the charter of

1897 with those of the present charter under title 7 shows. that the latter omits the provisions contained in the former, relating to tenement-houses and relates only to lodging-houses, so that we find fewer sections in the charter of 1901 than in that of 1897, and section 1315 of the present charter, corresponding to section 1318 of the previous charter, so far as it is applicable to lodging-houses, omits all reference to the compulsory provision as to areas contained in section 1318 of the charter of 1897.

It requires no argument to show that the Tenement-House Act was designed as a comprehensive measure to control the erection of tenement-houses in the city of New York, and it is apparent that this act was intended by the Legislature to supersede the special provisions of the charter affecting their construction.

The act of 1895, requiring areas in front of tenement-houses, was clearly a public health measure applicable to tenement-houses.   Buek v. Collis, *supra,* 469.   And it is evident that if it were intended to retain that provision in the new enactment it would have been incorporated in it — particularly so, as we find provisions in the Tenement-House Act, which did not previously exist under any general law or in the charter, such as those which relate to basements and cellars found in section 91.

It is " well settled that a later statute covering the same subject-matter and embracing new provisions operates to repeal the prior act, although the two acts are not in express terms repugnant."   McDermott v. Nassau Electric R. R. Co., 85 Hun, 423; citing People v. Jaehne, 103 N. Y. 182.

It would, therefore, appear that the Legislature by the amendments to the charter in 1901, and the enactment of the Tenement-House Act during the same session, intended to repeal the special provisions requiring open areas to be constructed in front of tenement-houses, and that no such provision of law now exists.

From the record in this case, it is apparent that the defendant was not obliged by any department to build the vault or area in question; that it was a voluntary construction, and that it must, therefore, be treated as coming within the pro-

visions of the ordinance requiring a permit from the commissioner of highways.

A violation of the ordinance having been established, the judgment must be affirmed.

FREEDMAN, P. J., and GILDERSLEEVE, J., concur.

Judgment affirmed, with costs.