JAMES W. McDERMOTT, Appellant, *v.* THE NASSAU ELECTRIC RAILROAD COMPANY, Respondent.

*Street railway — consent of property owners on the side of the street opposite to a square or park — one statute superseded by another.*

A later statute covering the same subject-matter as a prior statute and containing new provisions operates to repeal such prior act, although the two acts are not in express terms repugnant, and the provisions of the old act which are omitted from the new one must be deemed to be repealed.

Section 91 of chapter 565 of the Laws of 1890, which provides that when a railroad runs through a street or avenue bounded on one side by a public square or park the consent of one-half of the property owners on the opposite side of such square or park shall also be first obtained, was superseded by section 91 of chapter 723 of the Laws of 1894.

APPEAL by the plaintiff, James W. McDermott, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 30th day of November, 1894, denying the motion of the plaintiff for an injunction *pendente lite.*

*E. C. Boardman,* for the appellant.

*John J. Allen* and *James C. Church,* for the respondent.

BROWN, P. J.:

The plaintiff is the owner of a lot of land fronting on Marcy avenue opposite Tompkins park, a public park of the city of Brooklyn, and this action is brought to restrain the defendant from constructing a surface railroad on that part of said avenue on which said park fronts.

The Railroad Law of 1890 (§ 91, chap. 565) contained the following provision in relation to surface railroad companies obtaining the consents of property owners to the construction and operation of their roads :

" But where such railroad runs through a street or avenue bounded on one side by a public square or park, the consent of one-half of the property owners on the opposite side of such square or park shall also be first obtained."

Chapter 723, Laws of 1894, amended section 91. It re-enacted the section with certain changes, and omitted the provision quoted above.

It is the appellant's claim that the provision quoted was not repealed by the amending act of 1894, but is still in force, and this claim is based upon the language of the amending act, which is that "Section ninety-one *  *  * is hereby amended as follows," and in the appellant's argument a distinction is drawn between the expression in an amending act which declares a prior act to be "amended as follows," and one which declares a prior act to be "amended so as to read as follows."

When it is intended to supersede a prior statute by a new act, the latter form of expression is the usual one, and it has been repeatedly decided that a statute declaring a former statute to be thereby amended so as to read as prescribed in the amending act is a repeal of the original statute.  (*People* v. *Wilmerding*, 136 N. Y. 363.)

But the rule is well settled that a later statute covering the same subject-matter and embracing new provisions operates to repeal the prior act, although the two acts are not in express terms repugnant. (*People* v. *Jaehne*, 103 N. Y. 182, and cases cited.)

While it is true that there is nothing necessarily repugnant in the act of 1894 to the requirement that the consents of the owners of property on the opposite side of a public square or park should be first obtained before a railroad could be constructed through a street bounding one side of such park, yet we are of the opinion that this case falls within the rule quoted.  The act of 1894 covers the same subject-matter as the section which it amends.  It is entitled "An act to amend the railroad law relating to consents of property owners for building and operation of street surface railroad."

It re-enacts the old section.  The caption of the section is the same : "Consent of property owners and local authorities."

We are of the opinion that it was the intention of the Legislature that it should be a substitute for the section amended, and that it declared the law upon the subject embraced in the title of the act, and the provisions of the old statute which are omitted in the new act must be deemed to be repealed.  (*Moore* v. *Mausert*, 49 N. Y. 332.)

The order must be affirmed, with ten dollars costs and disbursements.

DYKMAN and CULLEN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.