COLUMBIA WIRE CO. v. BOYCE.

(Circuit Court of Appeals, Seventh Circuit.   October 13, 1900.)

No. 731.

1. STATUTES—AMENDATORY ACTS—VALIDITY.
  In the absence of constitutional restriction, an amendatory statute will be upheld though it purports to amend a statute which has previously been amended, or which was for any reason invalid.

2. SAME—AMENDMENT OF JUDICIARY ACT.
  26 Stat. 828, § 7, creating the circuit courts of appeals, which authorized an appeal to that court from an interlocutory order granting or continuing an injunction, was amended by Act Feb. 18, 1895 (28 Stat. 666), "to read as follows:   *   *   *."   By Act June 6, 1900 (Stat. 1899–1900, p. 660), the original section was again amended, without any express reference to the prior amendment, "to read as follows:   *   *   *."   Held, that the later act was valid, and operated to repeal the amendatory act of 1895.

3. APPEAL—ORDER DENYING PRELIMINARY INJUNCTION.
  26 Stat. 828, § 7, creating the circuit courts of appeals, as amended by Act June 6, 1900 (Stat. 1899–1900, p. 660), contains no provision authorizing appeals from interlocutory orders denying an injunction, and since said amendment an appeal from such an order will not lie.

Appeal from the Circuit Court of the United States for the Southern District of Illinois.

John R. Bennett, for appellant.
Geo. S. House and C. E. Pickard, for appellee.

Before WOODS and GROSSCUP, Circuit Judges, and SEAMAN, District Judge.

WOODS, Circuit Judge. This appeal is from an order entered on August 6, 1900, denying a preliminary injunction, and the motion of the appellee to dismiss must be sustained. The right of appeal is statutory. The seventh section of the judiciary act of 1891 provided "that where, upon a hearing in equity in a district court, or in an existing circuit court, an injunction shall be granted or continued by an interlocutory order or decree,   *   *   *   an appeal may be taken from such interlocutory order or decree granting or continuing such injunction to the circuit court of appeals."   26 Stat. 828.   By the act of February 16, 1895 (2 Supp. Rev. St. p. 376), that section was "amended to read as follows:   That where, upon a hearing in equity in a district court or a circuit court, an injunction shall be granted, continued, refused or dissolved by an interlocutory order or decree, or

an application to dissolve an injunction shall be refused,   *  *  * an appeal may be taken from such interlocutory order or decree granting, continuing, refusing, dissolving, or refusing to dissolve an injunction to the circuit court of appeals." By an act approved June 6, 1900 (Stat. 1899–1900, p. 660), it was provided, without express reference to the act of 1895, that the seventh section of the act of 1891 "be amended to read as follows: Sec. 7. That where, upon a hearing in equity in a district court or in a circuit court, or by a judge thereof in vacation, an injunction shall be granted or continued, or a receiver appointed, by an interlocutory order or decree,   *  *  * an appeal may be taken from such interlocutory order or decree granting or continuing such injunction or appointing such receiver to the circuit court of appeals." This act, it will be observed, omits of the act of 1895 all that was not contained in the original section, and, besides adding the phrase "or by a judge thereof in vacation," gives a right of appeal from any order or decree appointing a receiver.

Two questions are presented: First, is the last act invalid because it purports to amend a section of the original act which had already been amended? and, second, if the last act be valid, did its enactment operate to repeal the act of 1895?

In some of the states, by reason of constitutional provisions prescribing how amendments should be enacted, and requiring that the subject of an act be stated in the title thereof, it has been held that an amendatory act, to be valid, must relate to an existing and valid statute, and not to one which has been repealed or declared unconstitutional. 23 Am. & Eng. Enc. Law, 276; Igoe v. State, 14 Ind. 239; Blakemore v. Dolan, 50 Ind. 194; Hall v. Craig, 125 Ind. 529, 25 N. E. 538; State v. Benton, 33 Neb. 823, 833, 51 N. W. 140, 144; Wall v. Garrison, 11 Colo. 515, 19 Pac. 469. In the absence of constitutional restriction, the reasonable rule would seem to be, as it has been several times declared, that an amendatory statute will be upheld though it purport to amend a statute which had already been amended, or which was for any reason invalid. Com. v. Kenneson, 143 Mass. 418, 9 N. E. 761; Jones v. Commissioner, 21 Mich. 236; State v. Brewster, 39 Ohio St. 653; Basnett v. City of Jacksonville, 19 Fla. 664; Greer v. State, 22 Tex. 588; State v. Warford, 84 Ala. 15, 3 South. 911; Blake v. Brackett, 47 Me. 28.

In the Massachusetts case referred to, as here, the original statute had been twice amended, "so as to read as follows," and, giving effect to the evident intention of the legislature, the court held that the second amendatory act, though it purported to amend the original statute and contained no express reference to the first amendment, was valid, and that the second act, or first amendment, had been repealed by implication. In the Maine case it was held that the repeal of a section of the Revised Statutes repealed the section as it had been amended. The ruling in Alabama was that a statute, amending a statute which had previously been amended, was constitutional, although the former amendment had been enacted under a constitutional provision that any section of a statute which is amended is thereby repealed. The syllabus of the Ohio case is this:

"Where a section of the Revised Statutes is repealed, and re-enacted in a changed form, a subsequent statute, which, in terms, again repeals and re-

enacts the original section in still another form, is, as a general rule, to be regarded as a repeal of the section in its amended form, and the section in its last form will take its place in the revision as part of the Revised Statutes."

In Jones v. Commissioner, Judge Cooley, writing the opinion, in response to the argument that an amendatory act which refers to a repealed or nonexisting act must be invalid, said:

"This reasoning seems to us too refined for practical value. Under our constitution, the mode of amending a section of a statute is by enacting that the section in question 'shall read as follows.' The position of the section in the original statute is not changed, and there is no reason why subsequent amendments of the same section should not be made by reference to its number in the original statutes."

The other cases cited are equally in point.

It is clear that the act of 1900 repealed that of 1895, and contains all the law on the subject. No other conclusion would accord with the settled principles of statutory construction, or could be reconciled with the decisions of the supreme court of the United States. U. S. v. Tynen, 11 Wall. 88, 95, 20 L. Ed. 153; Murdock v. City of Memphis, 20 Wall. 617, 22 L. Ed. 429; Railroad Co. v. Grant, 98 U. S. 398, 25 L. Ed. 231; Tracy v. Tuffly, 134 U. S. 206, 223, 10 Sup. Ct. 527, 33 L. Ed. 879; Fisk v. Henarie, 142 U. S. 459, 467, 12 Sup. Ct. 207, 35 L. Ed. 1080; Hanrick v. Hanrick, 153 U. S. 192, 197, 14 Sup. Ct. 835, 38 L. Ed. 685; Railroad Co. v. Davidson, 157 U. S. 201, 208, 15 Sup. Ct. 563, 39 L. Ed. 672; Suth. St. Const. pars. 133, 154, et passim. Like any other legislative body, congress must be presumed by the courts to be acquainted with the existing law in respect to subjects upon which it legislates (Suth. St. Const. pars. 226, 287, 333); and there can, therefore, be no argument founded upon the supposition advanced that the act of 1900 was framed in ignorance of the earlier act. The appeal is dismissed.