OMAHA & S. W. R. CO. v. CHICAGO, ST. P., M. & O. RY. CO.

(Circuit Court of Appeals, Eighth Circuit. January 23, 1901.)

No. 1,502.

APPEAL FROM ORDER REFUSING INJUNCTION CANNOT BE SUSTAINED.
    Section 7 of the act creating the circuit courts of appeals (26 Stat. 828), as amended by the act of February 18, 1895 (28 Stat. 666), and by the act of June 6, 1900 (31 Stat. 1899–1900, p. 660), does not authorize an appeal from an order refusing to issue a preliminary injunction.

(Syllabus by the Court.)

Appeal from the Circuit Court of the United States for the District of Nebraska.

B. T. White, J. B. Sheean, and Edward P. Smith, for the motion.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge. This is a motion to dismiss an appeal from an order refusing a preliminary injunction, which was made on October 1, 1900. By the seventh section of the judiciary act of 1891,

creating the circuit courts of appeals, an appeal was allowed to those courts from any order of the circuit court granting or continuing an injunction. 26 Stat. 828. By the act of February 18, 1895 (2 Supp. Rev. St. 376), that section was so amended that an appeal from the circuit courts to those courts was permitted to be taken from any "interlocutory order or decree granting, continuing, refusing, dissolving, or refusing to dissolve an injunction." By the act of congress approved June 6, 1900 (31 Stat. 1899-1900, p. 660), the seventh section of the act of 1891 was amended so as to read as follows:

"Sec. 7. That where, upon a hearing in equity, in a district court or in a circuit court, or by a judge thereof in vacation, an injunction shall be granted or continued, or a receiver appointed, by an interlocutory order or decree, in a cause in which an appeal from a final decree may be taken under the provisions of this act to the circuit court of appeals, an appeal may be taken from such interlocutory order or decree granting or continuing such injunction, or appointing such receiver, to the circuit court of appeals."

It will be observed that the amendment of 1900 omits from the section in question all that portion of it which was inserted therein by the amendment of 1895 relative to the appeal from an interlocutory order or decree "refusing, dissolving, or refusing to dissolve an injunction." The inevitable result is that since the passage of the latter act this court has no jurisdiction of any appeal from an order refusing, dissolving, or refusing to dissolve, an injunction, and, as the order from which this appeal was taken refused an injunction, it was not appealable, and the motion to dismiss the appeal must be granted. It is so ordered. Wire Co. v. Boyce (C. C. A.) 104 Fed. 172; Westinghouse Air-Brake Co. v. Christensen Engineering Co. (C. C. A.) 104 Fed. 622.