HEINZE v. BUTTE & B. CONSOL. MIN. CO. et al.

(Circuit Court of Appeals, Ninth Circuit. March 8, 1901.)

No. 677.

1. CIRCUIT COURT OF APPEALS—JURISDICTION—INJUNCTION—STATUTES—AMENDMENT—REPEAL.

The act of June 6, 1900, providing that section 7 of the act of 1891, relating to the jurisdiction of the circuit court of appeals as to injunction cases, should be amended to read as therein prescribed, is valid, notwithstanding it purports to amend a section of the act which had already been amended by the act of February 18, 1895, to which it did not refer, and its enactment necessarily operates to repeal the latter amendment,

2. SAME—APPEALABLE ORDER.

An order appointing a receiver directed a party to deliver to him possession of property in controversy, and enjoined him from interfering with the receiver's possession, and thereafter an order was entered dismissing an application to set the injunction aside. *Held*, that the latter order was not equivalent to an order continuing the injunction, within the meaning of the act of June 6, 1900, amending section 7 of the judiciary act of 1891 (26 Stat. 828), and authorizing appeals from such orders to the circuit court of appeals.

Appeal from the Circuit Court of the United States for the District of Montana.

On October 6, 1897, the Butte & Boston Consolidated Mining Company, as complainant, filed a bill in equity against John F. Forbis, as executor of the last will and testament of William J. McNamara, deceased, John McNamara, the Old Colony Trust Company, and others, for the purpose of obtaining partition of the Snohomish and Tramway quartz lodes; the complainant alleging itself to be the owner of one-half of the Snohomish and of two-thirds of the Tramway, and the defendants were alleged to be the owners of the remaining interests. Subsequently F. Augustus Heinze intervened in the suit, and set up the fact that he had become the owner, by purchase and conveyance, of the interest alleged to belong to the devisees of William J. McNamara, deceased; and later the said F. Augustus Heinze, as administrator of the estate of James Larkin, deceased, together with Clara A. Larkin, were permitted to intervene and set up the claim that the deed under which the complainant claimed title from James Larkin was obtained while the grantor was insane, and that said interest in fact belonged to the heirs and representatives of said James Larkin. Thereafter, on July 27, 1899, the court appointed a receiver of the interest so in dispute between the complainant and the Larkin estate, with leave to apply for an extension of such receivership over the whole of the property. On March 15, 1900, the receivership was so extended by an order of the court which also directed that F. Augustus Heinze and Arthur P. Heinze, and all parties claiming under them, deliver to the receiver full possession of the said Snohomish and Tramway lode claims, and enjoined them from mining or extracting ores therefrom, or in any way interfering with the possession of the receiver. On November 14, 1900, the appellant filed a motion to vacate and set aside the order of March 15, 1900, and the court thereupon entered an order to the complainant requiring it to show cause why the motion should not be allowed. Thereupon the complainant in the bill, together with the Old Colony Trust Company, one of the defendants, and John S. Harris, the receiver, moved the court to dismiss the appellant's motion and to quash the order to show cause. Upon a hearing had, the court so ordered. The present appeal is taken from the interlocutory order so made and entered on November 19, 1900, granting the motion of the complainant, the Old Colony Trust Company, and the receiver to quash the order made on November 14, 1900, requiring them to show cause why the court should not vacate the order of March 15, 1900, whereby the receivership was extended over the whole of the Snohomish and Tramway lodes, and the appellant was enjoined from mining therein.

Cullen, Day & Cullen, McHatton & Cotter, and James M. Denny, for appellant.

Forbis & Evans, for appellees.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge, after stating the case as above, delivered the opinion of the court.

A motion is made to dismiss the appeal upon the ground that no appeal lies from the order from which it is attempted to be taken. The right to appeal to the circuit court of appeals from an inter-

locutory order or decree was created by section 7 of the act which established the court.   It was there provided—

"That where, upon a hearing in equity in a district court, or in an existing circuit court, an injunction shall be granted or continued by an interlocutory order or decree,  *  *  *  an appeal may be taken from such interlocutory order or decree granting or continuing such injunction to the circuit court of appeals."   26 Stat. 828.

By the act of February 18, 1895, section 7 was amended to read as follows:

"That where, upon a hearing in equity in a district court or a circuit court, an injunction shall be granted, continued, refused, or dissolved by an interlocutory order or decree or an application to dissolve an injunction shall be refused  *  *  *  an appeal may be taken from such interlocutory order or decree granting, continuing, refusing, dissolving, or refusing to dissolve an injunction to the circuit court of appeals."   2 Supp. Rev. St. p. 376.

By the act of June 6, 1900, it was provided that the seventh section of the act of 1891 be amended to read as follows:

"That where, upon a hearing in equity in a district court or in a circuit court, or by a judge thereof in vacation, an injunction shall be granted or continued or a receiver appointed, by an interlocutory order or decree, *  *  *  an appeal may be taken from such interlocutory order or decree granting or continuing such injunction or appointing such receiver to the circuit court of appeals."

It will be observed that the act of June 6, 1900, amends the seventh section of the judiciary act of 1891, without expressly referring to the amendment of February 18, 1895.   We think there can be no doubt that the last act was valid, notwithstanding that it purports to amend a section of the original act which had already been amended by the act of 1895, and that its enactment necessarily operated to repeal the amendment of 1895.   Wire Co. v. Boyce (C. C. A.) 104 Fed. 172, and cases there cited.   The law, therefore, by which the present motion to dismiss must be ruled, is the act of June 6, 1900; and the question arises whether the appeal in the present instance is an appeal from an order appointing a receiver or granting or continuing an injunction.   It is admitted that it is not an appeal from an order appointing a receiver.   The order appointing a receiver was made some eight months before the entry of the order which is appealed from.   It is contended, however, that the appeal is from an order continuing an injunction, for the reason that the order appointing the receiver proceeded to direct the appellant to deliver to the receiver the possession of the property which is in controversy, and enjoined him from interfering with the receiver's possession; and it is said that by virtue of such provision the order became also an injunction order,—an order from which an appeal might have been taken irrespective of the order appointing the receiver,—and that the action of the court in entering the order which is appealed from, although that order did not embody an injunction or continue an injunction, but dismissed the appellant's application to set aside the injunction, was nevertheless, in its nature, an order continuing an injunction, and was therefore appealable.   The appellant cites In re Tampa Suburban R. Co., 168 U. S. 583, 18 Sup. Ct. 177, 42 L. Ed. 589; Association v. Storrow, 34 C. C. A. 182, 92

Fed. 5; American Const. Co. v. Jacksonville, T. & K. W. Ry. Co., 146 U. S. 372, 13 Sup. Ct. 758, 37 L. Ed. 486,—in support of the proposition that, if an order appointing a receiver contains an injunction against interference with the receiver's possession, an appeal may be taken therefrom as from an order granting an injunction. We think it unnecessary to consider that question. Conceding, for the purposes of this discussion, that the order of March 15, 1900, may be regarded as an order granting an injunction, can it be said that the order of November 14, 1900, which is the order appealed from, was in any sense an order either granting or continuing an injunction? We think not. The intention of the act of 1891 was to create the right of appeal from an injunction order,—an order granting an injunction or subsequently directing that it be continued in force. It does not by its terms extend to an order sustaining or denying a motion to set aside an injunction already granted or dismissing an application to dissolve an injunction, and it has been held that it was not intended by implication to extend to such an order. Dreutzer v. Land Co., 13 C. C. A. 73, 65 Fed. 642. The intention of the original legislation in this respect is made manifest by the terms of the amendment of 1895, whereby express provision was made for appeal from orders granting, continuing, refusing, dissolving, or refusing to dissolve an injunction. In subsequently returning, by the amendment of 1900, to the original provisions of the act, it must be held that congress intended to repeal the more liberal provisions of the amendment of 1895, and to readopt the stricter rule of 1891. It must be presumed that the amendment of 1900 was made in view of, and with special reference to, evils which had been introduced by the amendment of 1895, and for the purpose of curtailing appeals from interlocutory injunction orders. Under the amendment of 1895 no limit was placed to the exercise of the right to move for the dissolution of injunctions, and the right existed to appeal from every ruling upon such a motion. If that amendment had never been enacted, and the right created by section 7 of the judiciary act of 1891 had never been thus enlarged, there might, perhaps, be plausible ground for now urging that the amendment of 1900 was intended to apply to a case such as that now under consideration; but, in view of the amendment of 1895 and its subsequent repeal, there is no room for a liberal construction of the existing statute. The appeal will be dismissed.