'Argued October 13, writ dismissed October 19, 1915.

## STATE EX REL. *v.* LIGHTNER.

(152 Pac. 232.)

**Highways—Road Districts—Statutes—Amendment—Setting Out Provision.**

1. Laws of 1915, page 133, chapter 127, Section 1, amended Section 6313, L. O. L., and made imperative the Constitution of every incorporated city and town as a separate road district. Laws of 1915, page 255, chapter 194, subsequently enacted, without mention of Chapter 127, amended the same statute in other respects, but left such action discretionary, and set out the statute after the words "so as to read as follows." *Held*, that it was an entire obliteration of the former statute, Chapter 127 being repealed whether in conflict with Chapter 194 or not, so that action under Chapter 127 could not be enforced, as the omitted provisions could not be revived by judicial interpretation, since to so add an omitted provision would violate Article IV, Section 22, of the Constitution, requiring the amended law to be set forth at length.

Original proceeding in Supreme Court.

*Mandamus* proceeding by the state, on relation of William F. Brady against W. L. Lightner, Rufus Holman and Philo Holbrook, as the board of commissioners of Multnomah County.     WRIT DISMISSED.

For the plaintiff there were oral arguments by *Mr. George M. Brown*, Attorney General, and *Mr. Walter H. Evans*, District Attorney.

For defendants there were oral arguments by *Mr. Elmer E. Coovert* and *Mr. Richard W. Montague.*

In Banc. MR. JUSTICE BEAN delivered the opinion of the court.

The relator seeks by this proceeding in *mandamus* to compel the county commissioners to constitute the City of Portland a separate road district, pursuant to Section 6313, L. O. L., as amended by Section 1 of Chapter 127, page 133, General Laws of Oregon, 1915,

The commissioners declined to take action, on the ground that that section, as amended by a later act of the same session (Chapter 194, page 255), gives the board authority to divide the county into "suitable and convenient road districts," without any limitation as to their extent. An alternative writ was issued to which defendants have shown cause by general demurrer. The sole question before the court is which of these acts is in effect.

The first of the acts of 1915 mentioned (Chapter 127) was filed in the office of the Secretary of State February 23, 1915, at 8:30 o'clock A. M., and bears the title:

"An act to amend Section 6313 of Lord's Oregon Laws as amended by Chapter 122 of the General Laws of 1913 and Section 6320 of Lord's Oregon Laws."

Section 1 of this act provides:

"That Section 6313 of Lord's Oregon Laws as amended by Chapter 122 of the General Laws of 1913, be and the same is hereby amended so as to read as follows: Sec. 6313. The County Courts of the several counties of this state shall, as often as they may deem necessary, but no oftener than once each year, divide their respective counties, or any part thereof, into suitable and convenient road districts, each of which shall be numbered, and cause a brief description of the same to be entered upon the county records. Each County Court, at the October term thereof, 1915, shall so arrange the road districts of the county, as to conform to the provisions of this section, and at the October term of said court every year thereafter, and at no other term, make such changes in the road districts of the county as may be deemed necessary; provided, that all road districts formed under the provisions of this act shall be formed of contiguous territory; provided, further, that every incorporated city and town

shall constitute a separate road district, and the County Court shall not have authority to divide such territory or include any of it in any other road district.''

Section 2 amends Section 6320, L. O. L., with which we are not here concerned.

Chapter 194, page 255, Laws of 1915, which was introduced, passed, signed by the Governor, and filed in the office of the Secretary of State February 23, 1915, at 9:55 o'clock A. M., after Chapter 127, amended by law of 1913 by substituting the September for the October term and omitting the proviso requiring incorporated cities to be constituted into separate road districts. The title reads:

''An act to amend Section 6313 of Lord's Oregon Laws, as amended by Chapter 122 of the General Laws of Oregon of 1913.''

Section 1 thereof enacts:

''That Section 6313 of Lord's Oregon Laws as amended by Chapter 122 of the General Laws of Oregon of 1913 be and the same is hereby amended so as to read as follows: Sec. 6313. The County Courts of the several counties of this state shall, as often as they may deem necessary, but no oftener than once a year, divide their respective counties or any part thereof into suitable and convenient road districts, each of which shall be numbered, and cause a brief description of the same to be entered upon the county records. Each County Court at the September term thereof, 1915, shall so arrange the road districts of the county as to conform to the provisions of this section, and at the September term of said court every year thereafter and at no other term make such changes in the road districts of the county as may be deemed necessary: Provided, that all road districts formed under the provisions of this act shall be formed from contiguous territory.''

· 1. Original jurisdiction of this court is invoked on account of the importance of the question at issue and the effect of the construction contended for by the relator upon road building in Multnomah and other counties of the state, and the urgent necessity of an immediate decision. It is the contention of the relator that Chapter 127 of the Laws of 1915 is in full force and effect, and that the two chapters are inconsistent only as to the time when the County Court shall act. Where two acts are conflicting, the later expression of the legislative will must prevail. It is stated in Lewis' Sutherland Statutory Construction, volume 1, Section 247, page 463, as follows:

"The repugnancy being ascertained, the later act or provision in date or position has full force, and displaces by repeal whatever in the precedent law is inconsistent with it. Subsequent legislation repeals previous inconsistent legislation whether it expressly declares such repeal or not."

See *Whitfield* v. *Davies,* 78 Wash. 256 (138 Pac. 883); *Metsker* v. *Whitesell,* 181 Ind. 126 (103 N. E. 1078, 1083); *Detroit Ry.* v. *Barnes,* 172 Mich. 586 (138 N. W. 211), overruling *Detroit Ry.* v. *Barnes,* 149 Mich. 675 (113 N. W. 285).

Chapter 127, the first act, purporting to amend Section 6313, is superseded by the second act as far as there is any difference, because the Constitution requires that the act· revised or section amended shall be set forth at length in the amendatory act. If there is anything to be added to Section 6313 as set forth in the last amendatory act, the Constitution is thereby violated. The prevailing act is necessarily, therefore, the whole of Section 6313: Art. IV, Section 22, of the Constitution of Oregon. The title of the first act is sufficient to support it only as an amendment of Sec-

tion 6313, and not an independent act: Art. IV, Section 20, of the Constitution. Amendment of an act or section by setting it out in full "so as to read as follows" operates as an entire obliteration of the former act after the new one goes into effect: *Flanders* v. *Multnomah County,* 43 Or. 583 (73 Pac. 1042); *Metsker* v. *Whitesell,* 181 Ind. 126 (103 N. E. 1078, 1083); *Columbia Wire Co.* v. *Boyce,* 104 Fed. 172 (44 C. C. A. 588); *Heinze* v. *Butte,* 107 Fed. 165 (46 C. C. A. 219); *McDermott* v. *Nassau, etc.* 85 Hun, 422 (32 N. Y. Supp. 884). The omitted provisions cannot be revived by judicial construction: *State ex rel.* v. *Simon,* 20 Or. 365 (26 Pac. 170). Amendment by reference to the section number of an act which has been previously amended, without mention of the last amendatory act, is valid: *Whitfield* v. *Davies,* 78 Wash. 256 (138 Pac. 883); *Brewer* v. *Pittsburg,* 91 Kan. 910 (139 Pac. 418); *Columbia Wire Co.* v. *Boyce,* 104 Fed. 172 (44 C. C. A. 588); *Heinze* v. *Butte,* 107 Fed. 165 (46 C. C. A. 219). In *State ex rel.* v. *Simon,* 20 Or. 368, 26 Pac. 170, it was announced by former Mr. Justice Bean thus:

"The rule seems to be that statutes and parts of statutes, omitted from a revision, are to be considered annulled, and cannot be revived by construction. They cannot be read into the latter statute so as to restrict its operation, and this, although it seems likely that the omissions were unintentional: Endlich, Int. of Stat., §§ 202, 384; *Woodbury* v. *Berry,* 18 Ohio St. 456."

In *Metsker* v. *Whitesell,* 181 Ind. 126, 140 (103 N. E. 1078, 1083), the court speaks as follows:

"Is the act of March 14, 1913, in effect? We have here not simply the question of an implied repeal by repugnant provisions. Each of the acts of March 14th and 15th, respectively, purport to amend the same sec-

tion of the highway law so as 'to read as follows,' and the reading of the two acts is radically different. Both acts cannot be in effect, for there is but one section numbered 62, and it can read only one way: *Draper v. Falley*, 33 Ind. 465; *Detroit etc. R. Co. v. Barnes Paper Co.*, 172 Mich. 586 (138 N. W. 211). Section 21, Article IV, of our Constitution provides that, in amending or revising an act, the act, as revised or amended, shall be set forth at full length.''

It is settled by the great weight of authority that the act amended, being the last expression of the legislature, is the law. The two are different, and have profoundly different consequences. They prescribe contradictory times for the performance of the acts, and one leaves with the county commissioners a discretion which the other takes away. To add anything to the prevailing act by construction would be a flagrant violation of the constitutional provision that the amendatory act shall set out the section amended ''at length.'' If it can be made larger by a proviso which the court selects for itself out of a previous amendment on the same subject, it is not set forth at length, and the constitutional provision would be violated. If the Constitution is given any effect, Section 6313 as last amended is all of Section 6313 as it now stands. There can be but one Section 6313 of Lord's Oregon Laws. If the first amendment as passed in 1913, and the last amendment, Chapter 194, had passed just as it reads no one would have contended that the proviso making separate road districts out of cities omitted in the last amendment should be read into it or tacked on to it. The first, having passed at the same session, but prior to the second, does not, in any way, avoid or modify the application of the constitutional inhibition. It might have been different if the first amendment in-

stead of being an attempted amendment of Section 6313, had been an original law without reference to an amendment, but it is not. It is an attempted amendment of Section 6313: *Detroit Ry.* v. *Barnes,* 172 Mich. 586 (138 N. W. 211).

We do not have to deal necessarily with the question of a repeal by implication. The later act expressly amends the section as it formerly existed and repeals a part of the former statute, and must be declared to be the law until the legislative branch of our state government ordains otherwise.

It follows that the demurrer to the writ should be sustained and the writ dismissed; and it is so ordered.

WRIT DISMISSED.