**KOPRIVICA v. SATHER et al.**
No. 5233.

District Court of Alaska. Fourth Division. Fairbanks.
Sept. 7, 1945.

594

Charles J. Clasby and Bailey E. Bell, both of Fairbanks, Alaska, for plaintiff.

John L. McGinn and Julien A. Hurley, both of Fairbanks, Alaska, for defendants.

PRATT, District Judge.

The question here raised is whether or not the owner of a placer mining claim in Alaska can resume work thereon after failing to perform the annual assessment work required by law and thereby thwart a relocator who has initiated his rights after such resumption and completion of $100 worth of work per single claim.

The year of failure to do assessment work alleged is the annual labor year commencing July 1, 1938, as extended by 53 Stat. page 991, to September 1, 1939. The defendants, in each of the two annual labor years following the year of said default, performed the full amount of annual labor work required by law upon the mining claims in question, and all of this work was completed before the plaintiff made a relocation of the claims, to wit, December, 1941, and January and February of 1942.

By section 26, Title 1, chapter 1, of the act entitled, "An Act Making further provision for a civil government for Alaska, and for other purposes," approved June 6, 1900, 31 Stat. p. 329; section 321, Compiled Laws of Alaska, 1933; Section 381, Title 48, U.S.C.A., it was provided:

"The laws of the United States relating to mining claims, mineral locations, and rights incident thereto are hereby extended to the District of Alaska: * * *."

Thus section 2324, Revised Statutes of the United States, 30 U.S.C.A. § 28, was made a law of Alaska.

By the act of congress, approved March 2, 1907 (hereinafter referred to as the Waskey Act, 48 U.S.C.A. §§ 384, 385), entitled, "An Act To amend the laws governing labor or improvements upon mining claims in Alaska," 34 Stat. page 1243; section 384, Title 48, U.S.C.A., it was provided in substance as follows:

(a) That on each mining claim theretofore or thereafter located at least $100 worth of labor or improvements should be performed annually;

(b) That an affidavit of annual labor could be filed by the owner, containing specified data, and the same should be prima facie evidence of the matters therein stated;

(c) That, if the owner of a claim failed to do annual labor, the claim should become forfeited and open to location.

There was no provision in this act permitting an owner to resume labor upon his mining claim.

There was no repealing clause in this act.

Section 2324, R.S.U.S., made provision in substance for the following:

(a) That upon failure to perform annual labor upon a mining claim, the claim should be open to relocation, "provided that the original locators, their heirs, assigns, or legal representatives, have not resumed work upon the claim after failure and before such location. * * * "

(b) That the annual labor year should commence on the 1st day of January succeeding the date of the location of the claim;

(c) That locations and location certificates should be as therein specified;

(d) That on mining claims located prior to May 10, 1872, $10 worth of labor or improvements should be made annually for each hundred feet in length along the vein.

As the Waskey Act clearly provides for a forfeiture of a claim upon which annual labor has not been performed,

it amends section 2324, R.S.U.S., as the same is a part of the Alaska law by virtue of the above-mentioned section 26 and leaves said section 2324, R.S.U.S., minus its provision to resume labor after default in assessment work and minus its provision as to $10 worth of annual labor for lode claims located prior to May 10, 1872, and plus the other provisions of the Waskey Act.

Inasmuch as section 26 of the act of June 6, 1900, made section 2324, R.S.U.S., a part of the laws of Alaska, the amendment of section 2324, R.S.U.S., by the Waskey Act necessarily also amended said section 26. Thus, inferentially, said section 26 read, "The laws of the United States relating to mining claims, mineral locations, and rights incident thereto (except as modified by the Waskey Act) are hereby extended to the District of Alaska."

By an act of congress, approved August 24, 1921, 42 Stat. 186, said section 2324 was amended so that the annual labor year commenced at twelve o'clock meridian on July 1 following the location of the claim.

By an act of congress, approved May 31, 1938, 52 Stat. 588; section 381, Title 48 U.S.C.A., entitled, "To amend section 26, title I, chapter 1, of the Act entitled 'An Act making further provision for a civil government for Alaska, and for other purposes', approved June 6, 1900," said section 26 was amended "to read as follows: 'Sec. 26. The laws of the United States relating to mining claims, mineral locations, and rights incident thereto are hereby extended to the Territory of Alaska: * * *.' "

Then follow changes in the original provisions of said section 26 as to mining on and below tide water lands.

The laws of the United States relating to mining claims on May 31, 1938, included said section 2324, R.S.U.S.

■ Consequently, when the act of May 31, 1938, repeated the wording of section 26 as passed June 6, 1900, and left out any reference to the Waskey Act, it seems clear that congress intended to make the general mining laws as they existed in 1938 control in Alaska over the Waskey Act

as to matters in which the two laws conflict, i.e., as to the resumption of work after the failure to do annual labor. The other provisions of the Waskey Act still remain in full force.

As the Waskey Act, when it was the latest expression on the subject of resumption of work after failure to do annual labor, nullified similar provisions of the then earlier act, to wit, section 2324, made a part of the Alaska law in 1900, it would seem only logical that the converse would be true and that in 1938, when the portion of section 2324, R.S.U.S., allowing a resumption of work after failure to do annual labor was the latest expression on the subject, it should nullify the earlier provision on the subject in the Waskey Act.

In Heinze·v. Butte & B. Consol. Min. Co., 9 Cir., 107 F. 165, it was held as set forth in the syllabus:

"The act of June 6, 1900, providing that section 7 of the act of 1891, relating to the jurisdiction of the circuit court of appeals as to injunction cases, should be amended to read as therein prescribed, is valid, notwithstanding it purports to amend a section of the act which had already been amended by the act of February 18, 1895, to which it did not refer, and its enactment necessarily operates to repeal the latter amendment." Certiorari denied, 194 U.S. 632, 24 S.Ct. 856, 48 L.Ed. 1159.

To the same effect is Columbia Wire Co. v. Boyce, 7 Cir., 104 F. 172.

In State ex rel. Brady v. Lightner et al. 77 Or. 587, 152 P. 232, section 6313, L.O.L., was amended in 1915 by two separate chapters, to wit, C.C. 127 and 194, the latter being subsequent to the former and setting out the statute after the words "so as to read as follows:".

Although chapter 194 did not mention chapter 127 or its amending features, it was held that section 6313, as amended by chapter 194, was the law without reference to the amendment by chapter 127.

In H. Rouw Co. v. Crivella, 8 Cir., 105 F.2d 434, 436 it was held:

"On June 23, 1938, section 7 was again amended by Congress, but the proviso of June 19, 1936, was not reenacted. 52 Stat. 953 [7 U.S.C.A. § 499g]. It seems clear that Congress intended the statute 'to read' as amended, and not as it had been written before the amendment. * * * When the object of the two statutes is the same and the whole subject is covered in both the latter repeals the former by implication, and it is not necessary that the second should contain a provision expressly repealing the former. * * *"

Therefore, it seems that in passing the act approved May 31, 1938, the portion of the Waskey Act providing for a forfeiture for failure to do assessment work upon a mining claim was eliminated from the laws of Alaska, and that portion of section 2324, R.S.U.S., giving the mining claim owner the right to resume labor after default in doing assessment work has been restored to the laws incident to mining claims in Alaska.

Consequently, the motion of the plaintiff to strike from defendants' answer all that portion relating to resumption of labor after failure to do assessment work should be denied.